**Emmanuel GINN, A & R Transport, Inc., Keith Jackson, Steve Brantley, Petitioners,**

**v.**

**Jeff FORRESTER and Kim Forrester, Respondents.**

**No. 08–0163.**

Supreme Court of Texas.

March 27, 2009.

Edward E. Rundell, Gold, Weems, Bruser, Sues & Rundell, Alexandria, LA, for Petitioners.

Michael C. Engelhart, Kelly Alice Greenwood, Engelhart & Greenwood, L.L.P., Houston, TX, for Respondents.

PER CURIAM.

A restricted appeal requires error that is apparent on the face of the record; error that is merely inferred will not suffice. In this case, the clerk's supplemental record contains a notation that the clerk's office was unable to locate documents indicating notice was sent or a hearing was held on the trial court's dismissal for want of prosecution. Construing the notation as affirmative evidence that the trial court failed to provide notice, a divided court of appeals concluded the requirements for a restricted appeal were met. 282 S.W.3d 513. Because the clerk has no affirmative duty to record the giving of notice, however, a statement that the record reflects none cannot establish error on the face of the record. Accordingly, we reverse the court of appeals' judgment and render judgment dismissing the case.

Jeff and Kim Forrester filed suit against Emmanuel Ginn, A & R Transport, Inc., Keith Jackson, and Steve Brantley (collectively Ginn) on January 29, 2004, for damages arising out of a traffic accident. On May 18, 2005, the trial court notified all parties that unless either a judgment or scheduling order was signed or a verified motion to retain was filed by June 27, the case would be dismissed for want of prosecution. On June 17, Forrester filed a verified motion to retain the case, which the trial court granted after inserting the words "for 60 days" at the end of the paragraph ordering retention. The trial court subsequently granted Forrester's

motion to substitute counsel, but the record reflects no further activity until December 2 when the trial court dismissed the case for want of prosecution. Six months later, Forrester filed a notice of restricted appeal.

■ The court of appeals initially denied Forrester's restricted appeal for failure to demonstrate error apparent on the face of the record, but suggested that this requirement might be satisfied by a notation from the trial court clerk indicating that no documents were available to show the notice allegedly not given or the record of the hearing allegedly not had. *Forrester v. Ginn*, No. 14–06–00549–CV, 2007 WL 2127718, 2007 Tex.App. LEXIS 5826 at *14 (Tex.App.-Houston [14th Dist.] July 26, 2007), *reh'g granted, vacated by* 282 S.W.3d 513. Apparently relying on the court of appeals' suggestion, Forrester requested a supplemental clerk's record containing the following documents, or an indication in writing that the following documents were not contained in the clerk's file:

1. Notice of Dismissal for Want of Prosecution, Dated December 2, 2005;

2. Any notice of intent to dismiss dated after June 27, 2005 and before December 2, 2005;

3. Any notice of any hearing scheduled for December 2, 2005 regarding the court's intent to dismiss the case;

4. The record of any hearing regarding the court's intent to dismiss held on December 2, 2005 in this case;

5. Any trial court docket sheet entry for any notice of a hearing to be held on December 2, 2005;

6. Any trial court docket sheet entry regarding any hearing on the court's intent to dismiss held on December 2, 2005;

7. Any notice of the December 2, 2005 dismissal order sent to Plaintiffs[ ] or their counsel. . . .

In response to Forrester's request, the clerk provided a supplemental record that concluded with the statement "NOTE: Unable to locate other items requested." Concluding on rehearing that the clerk's notation affirmatively demonstrated the trial court's failure to notify Forrester of the impending and subsequent dismissal, the court of appeals reversed the trial court's judgment of dismissal and remanded the case for further proceedings. 282 S.W.3d 513, 517. Ginn filed this petition for review contending the court of appeals erred in holding that the requirements for a restricted appeal were met. We agree.

■ Before a trial court may properly dismiss a case for want of prosecution, "[n]otice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record." TEX.R. CIV. P. 165a(1). When a party claims in a restricted appeal that required notice was not given or a required hearing was never held, the error must appear on the face of the record. *See* TEX.R.APP. P. 30; *Gold v. Gold,* 145 S.W.3d 212, 213 (Tex.2004); *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex.2004); *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture,* 811 S.W.2d 942, 943 (Tex.1991). When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence. *See Falcon Ridge,* 811 S.W.2d at 944. Accordingly, we have held that affidavits filed for the first time in the appellate court from the district clerk and its counsel averring, respectively, that notice was neither given nor received constituted extrinsic evidence and

did not support a restricted appeal. *Id.* at 943–44.

As to what does constitute error on the face of the record, we have clearly said that silence is not enough. The rules governing dismissals for want of prosecution direct the district clerk to mail notice containing the date and place of hearing at which the court intends to dismiss the case, TEX.R. CIV. P. 165a(1), and a similar notice of the signing of the dismissal order, see TEX.R. CIV. P. 306a(3). But the rules do not impose upon the clerk an affirmative duty to record the mailing of the required notices; accordingly, the absence of proof in the record that notice was provided does not establish error on the face of the record. *See Alexander,* 134 S.W.3d at 849 (" 'The absence from the record of affirmative proof that notice of intent to dismiss or of the order of dismissal was provided does not establish error.' " (quoting *Falcon Ridge,* 811 S.W.2d at 944)).

Forrester contends, and the court of appeals held, that the clerk's notation in the trial record that the clerk's office was "[u]nable to locate other items requested" affirmatively reveals that the trial court failed to notify Forrester of its intent to dismiss the case. Because the clerk's notation is in writing and appears in the record, Forrester asserts, the record as to notice is not silent but rather demonstrates on its face that no notice was given. According to Forrester, the clerk's notation comports with the requirements we have articulated for a restricted appeal. We fail to see the distinction, however, between a record that is silent and a record that contains a written notation that the record is silent; either way, proof of error is absent. *See Gold,* 145 S.W.3d at 213; *Alexander,* 134 S.W.3d at 849–50; *Falcon Ridge,* 811 S.W.2d at 943–44. The clerk's notation reflected nothing more

than affirmation of a silent record, which is insufficient to establish reversible error in a restricted appeal.

We reverse the court of appeals' judgment and render judgment dismissing the case.