TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00114-CV






Rodney J. Green a/k/a Rodney Jack Green, Appellant


v.


State of Texas and the Cities of Waxahachie and Red Oak, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. GV-03-004787, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 In this restricted appeal, appellant Rodney J. Green challenges a final summary
judgment in a suit filed by appellees State of Texas and Cities of Waxahachie and Red Oak
(collectively, the "State") to recover delinquent state and local sales taxes and state motor vehicle
rental tax from appellant and RMR Enterprises, Inc., a Texas corporation, on the basis that he failed
to receive notice of the hearing on appellees' motion for summary judgment. Finding that the record
contains evidence that Green was served with notice, we affirm the trial court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND


 After the State served its original petition, Green answered and listed his address as
722 Higgins Road, Waxahachie, Texas 75167. He never notified the court or the State of any change
of address. After discovery, the State filed a motion for summary judgment against Green and
RMR Enterprises. The State mailed notice of the hearing on the motion for summary judgment to
Green by certified mail, return receipt requested, and by first-class mail at the address he had
provided in his answer: 722 Higgins Road, Waxahachie, Texas 75167. 

 At the hearing on December 19, 2006, the State requested that the trial court consider
its evidence, consisting of deemed admissions, as to Green's liability pursuant to the alter ego theory: 
(1) all the business furniture, fixtures, equipment, inventory, accounts receivables, and assets of
RMR Enterprises were acquired and personally owned by Green; (2) the sole officer, shareholder,
and director of RMR Enterprises was Green; (3) RMR Enterprises neither adopted any bylaws after
it was incorporated, passed any resolutions establishing any bank accounts, filed any federal income
tax returns, owned any property, nor issued any stock; (4) RMR Enterprises never generated any
profit; (5) Green, as sole shareholder and director of RMR Enterprises, never held any annual
meetings, regular meetings, or meetings to approve expenditures; and (6) all of the property of RMR
Enterprises was owned by Green. The court found for the State and awarded judgment against
Green and RMR Enterprises, jointly and severally, in the amount of $127,251.36 in sales
tax and $68,821.28 in motor vehicle rental tax, plus attorney's fees and court costs. Only Green
has appealed.


DISCUSSION

 Green argues the trial court erred in granting summary judgment because he failed
to receive notice of the motion and hearing for summary judgment. The issue, therefore, is whether
the summary judgment should be set aside for Green's failure to receive notice.

 A party who did not participate in the hearing, either in person or through counsel,
and who did not timely file an appeal may file a restricted appeal. See Tex. R. App. P. 30. To obtain
reversal of an underlying judgment by restricted appeal, an appellant must demonstrate that (1) he
filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a
party to the underlying lawsuit; (3) he neither participated in the hearing that resulted in the judgment
complained of nor timely filed any postjudgment motions or requests for findings of fact
and conclusions of law; and (4) any error is apparent on the face of the record. See Tex. R. App.
P. 26.1(c), 30; Ginn v. Forrester, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam); Alexander
v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004). For purposes of a restricted appeal, the face
of the record consists of all papers filed in the appeal, including the statement of facts. Norman
Commc'ns v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). In this case, the
record establishes that Green has met the first three requirements; he only must demonstrate that the
record on its face shows that he did not receive notice of the motion and hearing for summary
judgment. "[E]rror that is merely inferred will not suffice." Ginn, 282 S.W.3d at 431; see Gold
v. Gold, 145 S.W.3d 212, 213 (Tex. 2004) (a restricted appeal requires error that is apparent, not
error that may be inferred). We thus consider whether Green has shown error that is apparent on the
face of the record.

 We presume a trial court will hear a case only after the parties have received
proper notice. Jones v. Texas Dep't of Pub. Safety, 803 S.W.2d 760, 761 (Tex. App.--Houston
[14th Dist.] 1991, no pet.). Under Rule 21a of the rules of civil procedure, notice may be served by
delivering a copy to the party either in person, by agent, or by certified or registered mail, at the
party's last known address. Tex. R. Civ. P. 21a; Osborn v. Osborn, 961 S.W.2d 408, 411
(Tex. App.--Houston [1st Dist.] 1997, pet. denied). When a defendant does not receive notice of
a trial setting, he is deprived of due process. See LBL Oil Co. v. International Power Serv., Inc.,
777 S.W.2d 390, 390-91 (Tex. 1989). A lack of notice, however, does not necessarily void the trial
court's judgment because due process only requires that the method of service be reasonably
calculated, under the circumstances, to apprise interested parties of the proceeding and to
provide them an opportunity to present objections. See Peralta v. Heights Med. Ctr., Inc., 485 U.S.
80, 84-85 (1988).

 Although Green complains that he did not receive notice of the hearing on the motion
for summary judgment, the record reflects that notice was sent to him by certified and regular mail 
at his address of record, that is, 722 Higgins Road, Waxahachie, Texas 75167, the address he listed 
when he filed his answer. Green never informed the court that his address had changed before the
court entered summary judgment against him.

 The State's motion for summary judgment contained a certificate of service signed
by an assistant attorney general for the State of Texas. A certificate of service by a party or attorney
of record showing service of a notice is prima facie evidence of the fact of service. Tex. R. Civ.
P. 21a; see Smith v. Mike Carlson Motor Co., 918 S.W.2d 669, 672 (Tex. App.--Fort Worth 1996,
no pet.). "That the motion was mailed creates a rebuttable presumption that it was received." 
Limestone Const. v. Summit Comm. Indus., 143 S.W.3d 538, 544-45 (Tex. App.--Austin 2004,
no pet.). Yet, a presumption is not evidence, and the presumption disappears when controverting
evidence is introduced that the notice was not received. Id. at 545. Green presented no evidence that
he failed to receive the motion for summary judgment and the notice of hearing.

 Because Green has failed to rebut the presumption of service, we find that he is
unable to demonstrate that his lack of notice is apparent from the face of the record. We overrule
Green's issue and affirm the judgment of the trial court.


 __________________________________________

 David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: August 31, 2009