# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00114-CV

**Rodney J. Green a/k/a Rodney Jack Green, Appellant**

**v.**

**State of Texas and the Cities of Waxahachie and Red Oak, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. GV-03-004787, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this restricted appeal, appellant Rodney J. Green challenges a final summary judgment in a suit filed by appellees State of Texas and Cities of Waxahachie and Red Oak (collectively, the "State") to recover delinquent state and local sales taxes and state motor vehicle rental tax from appellant and RMR Enterprises, Inc., a Texas corporation, on the basis that he failed to receive notice of the hearing on appellees' motion for summary judgment. Finding that the record contains evidence that Green was served with notice, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

After the State served its original petition, Green answered and listed his address as 722 Higgins Road, Waxahachie, Texas 75167. He never notified the court or the State of any change of address. After discovery, the State filed a motion for summary judgment against Green and RMR Enterprises. The State mailed notice of the hearing on the motion for summary judgment to

Green by certified mail, return receipt requested, and by first-class mail at the address he had provided in his answer: 722 Higgins Road, Waxahachie, Texas 75167.

At the hearing on December 19, 2006, the State requested that the trial court consider its evidence, consisting of deemed admissions, as to Green's liability pursuant to the alter ego theory: (1) all the business furniture, fixtures, equipment, inventory, accounts receivables, and assets of RMR Enterprises were acquired and personally owned by Green; (2) the sole officer, shareholder, and director of RMR Enterprises was Green; (3) RMR Enterprises neither adopted any bylaws after it was incorporated, passed any resolutions establishing any bank accounts, filed any federal income tax returns, owned any property, nor issued any stock; (4) RMR Enterprises never generated any profit; (5) Green, as sole shareholder and director of RMR Enterprises, never held any annual meetings, regular meetings, or meetings to approve expenditures; and (6) all of the property of RMR Enterprises was owned by Green. The court found for the State and awarded judgment against Green and RMR Enterprises, jointly and severally, in the amount of $127,251.36 in sales tax and $68,821.28 in motor vehicle rental tax, plus attorney's fees and court costs. Only Green has appealed.

**DISCUSSION**

Green argues the trial court erred in granting summary judgment because he failed to receive notice of the motion and hearing for summary judgment. The issue, therefore, is whether the summary judgment should be set aside for Green's failure to receive notice.

A party who did not participate in the hearing, either in person or through counsel, and who did not timely file an appeal may file a restricted appeal. *See* Tex. R. App. P. 30. To obtain

2

reversal of an underlying judgment by restricted appeal, an appellant must demonstrate that (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he neither participated in the hearing that resulted in the judgment complained of nor timely filed any postjudgment motions or requests for findings of fact and conclusions of law; and (4) any error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). For purposes of a restricted appeal, the face of the record consists of all papers filed in the appeal, including the statement of facts. *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). In this case, the record establishes that Green has met the first three requirements; he only must demonstrate that the record on its face shows that he did not receive notice of the motion and hearing for summary judgment. "[E]rror that is merely inferred will not suffice." *Ginn*, 282 S.W.3d at 431; *see Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (a restricted appeal requires error that is apparent, not error that may be inferred). We thus consider whether Green has shown error that is apparent on the face of the record.

We presume a trial court will hear a case only after the parties have received proper notice. *Jones v. Texas Dep't of Pub. Safety*, 803 S.W.2d 760, 761 (Tex. App.—Houston [14th Dist.] 1991, no pet.). Under Rule 21a of the rules of civil procedure, notice may be served by delivering a copy to the party either in person, by agent, or by certified or registered mail, at the party's last known address. Tex. R. Civ. P. 21a; *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied). When a defendant does not receive notice of

a trial setting, he is deprived of due process. *See LBL Oil Co. v. International Power Serv., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989). A lack of notice, however, does not necessarily void the trial court's judgment because due process only requires that the method of service be reasonably calculated, under the circumstances, to apprise interested parties of the proceeding and to provide them an opportunity to present objections. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84-85 (1988).

Although Green complains that he did not receive notice of the hearing on the motion for summary judgment, the record reflects that notice was sent to him by certified and regular mail at his address of record, that is, 722 Higgins Road, Waxahachie, Texas 75167, the address he listed when he filed his answer. Green never informed the court that his address had changed before the court entered summary judgment against him.

The State's motion for summary judgment contained a certificate of service signed by an assistant attorney general for the State of Texas. A certificate of service by a party or attorney of record showing service of a notice is prima facie evidence of the fact of service. Tex. R. Civ. P. 21a; *see Smith v. Mike Carlson Motor Co.*, 918 S.W.2d 669, 672 (Tex. App.—Fort Worth 1996, no pet.). "That the motion was mailed creates a rebuttable presumption that it was received." *Limestone Const. v. Summit Comm. Indus.*, 143 S.W.3d 538, 544-45 (Tex. App.—Austin 2004, no pet.). Yet, a presumption is not evidence, and the presumption disappears when controverting evidence is introduced that the notice was not received. *Id.* at 545. Green presented no evidence that he failed to receive the motion for summary judgment and the notice of hearing.

Because Green has failed to rebut the presumption of service, we find that he is unable to demonstrate that his lack of notice is apparent from the face of the record. We overrule Green's issue and affirm the judgment of the trial court.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   August 31, 2009

5