# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00291-CV

**CVN Group, Inc., Appellant**

**v.**

**Enrique Delgado and Marjorie Delgado, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT**
**NO. D-1-GN-99-013857, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this restricted appeal, CVN Group, Inc. (CVN) challenges a dismissal for want of prosecution on the ground that it did not receive notice of the trial court's intent to dismiss. Because error is not apparent from the face of the record, we will affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

CVN and Enrique and Marjorie Delgado were parties to an arbitration proceeding to resolve their dispute regarding the construction of the Delgados' house. After receiving a favorable arbitration award, CVN filed a petition in Travis County District Court to confirm the award. The district court signed a final judgment that modified the award. On May 18, 2000, shortly after the judgment was signed, CVN's attorney filed a motion to withdraw as counsel for CVN. The motion did not seek to substitute another attorney as counsel of record for CVN. In accordance with rule 10 of the Texas Rules of Civil Procedure, the motion included CVN's last known address and set

forth all pending deadlines and other information required when another attorney is not to be substituted for the withdrawing attorney. The order granting the motion to withdraw stated that "all notices in this cause shall hereafter be served on Plaintiff [CVN] either delivered in person or sent by certified and first class mail to the address in the motion." There is no indication in the record that CVN ever filed a notice of substitution of counsel or designated another attorney in charge. *See* Tex. R. Civ. P. 10.

CVN appealed the trial court's judgment modifying the arbitration award to this Court and to the Texas Supreme Court. The supreme court concluded that the trial court should have confirmed the original arbitration award in its entirety and remanded the case with instructions that the trial court render judgment in accordance with the supreme court's opinion and mandate, which issued in February 2003. Thereafter, the case remained pending on the trial court's docket, without a new judgment being signed, until November 2006, when it was placed on the dismissal docket. In an order signed January 9, 2007, the trial court dismissed a number of cases, including this one, for want of prosecution. The dismissal order states in part: "the notice of the Court's intention to dismiss these causes for want of prosecution was sent to all parties and attorneys of record whose addresses are in the files of the District Clerk of Travis County, Texas; . . . ."

On April 20, 2007, CVN filed a motion to reinstate the case. CVN also sought to establish the application of Texas Rule of Civil Procedure 306a(4) in order to extend the trial court's plenary power so it could consider the motion to reinstate. The district court found that, because CVN did not obtain actual notice of the dismissal order until more than 90 days after it was signed, rule 306a(4) did not apply. *See* Tex. R. Civ. P. 306a(4). Consequently, the court concluded that its

2

plenary power over the case had expired and that it lacked jurisdiction to consider the motion to reinstate.

CVN perfected this restricted appeal challenging the trial court's dismissal order. CVN asserts that it did not discover that the case had been dismissed until April 17, 2007. CVN contends that the face of the record demonstrates that the trial court failed to provide notice to CVN of its intent to dismiss the case for want of prosecution, and that this error requires reversal.

## DISCUSSION

A restricted appeal is a direct attack on a judgment. *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To prevail on its restricted appeal, CVN must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999). Only the fourth element is at issue here.

Before a trial court may properly dismiss a case for want of prosecution, "[n]otice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file . . . ." Tex. R. Civ. P. 165a(1). When a party claims in a restricted appeal that the required notice was not given, the error must appear on the face of the

3

record.  *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009); *Alexander*, 134 S.W.3d at 848; *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 943 (Tex. 1991); *see also* Tex. R. App. P. 30.  The face of the record in a restricted appeal consists of the documents and evidence before the trial court when it rendered its judgment.  *Falcon Ridge Apartments*, 811 S.W.2d at 944.

The record in the present case contains evidence that notice of the trial court's intent to dismiss the case was sent to CVN.  Specifically, the district court's dismissal order recited that "the notice of the Court's intention to dismiss these causes for want of prosecution was sent to all parties and attorneys of record whose addresses are in the files of the District Clerk of Travis County, Texas."  A recitation of due notice of a setting in the judgment constitutes some, though not conclusive, evidence that proper notice was given; in the absence of controverting evidence in the record from the trial court, we presume that notice was received.  *Osborn v. Osborn*, 961 S.W.2d 408, 411-12 (Tex. App.—Houston [1st Dist.] 1997, pet. denied).  Thus, the record contains affirmative evidence that CVN was served with notice of the trial court's intent to dismiss the case in accordance with rule 165a(1).

Other than the recitation in the order of dismissal, the record is silent with regard to whether the district clerk actually sent notice to CVN, and if so, to what address.  CVN's address was in the files—it was included in CVN's previous counsel's motion to withdraw.  The record also contains the order granting the motion to withdraw, which directed that CVN shall be served with all notices at its last known address as set forth in the motion to withdraw.  Moreover, the record does not show that CVN ever filed a notice informing the court of substituted counsel or a

designation of new lead counsel. Service on CVN at its last known address would have been consistent with the trial court's directive contained in its order granting CVN's previous counsel's motion to withdraw. CVN contends, however, that the Court Administrator's computer system continued to include, as an address for CVN, the address of its previous counsel who had withdrawn but whose address remained in the computer system. The fact that the record shows that the district clerk's files contained two addresses for CVN, one that was correct and one that was not, does not alone demonstrate error. There is nothing in the record to indicate that notice was sent to CVN's previous counsel but not to CVN's last known address, as ordered by the trial court. Without more, it is not apparent from the face of the record that notice to CVN was sent only to an incorrect address.

The rules governing dismissals for want of prosecution direct the district court to mail notice containing the date and place of hearing at which the court intends to dismiss the case and a similar notice of the signing of the dismissal order. *See* Tex. R. Civ. P. 165a(1), 306a(3). The rules governing dismissals for want of prosecution do not, however, impose on the clerk an affirmative duty to *record* the mailing of the required notices. *Ginn*, 282 S.W.3d at 433. Absence of proof in the record that notice was provided does not establish error on the face of the record. *Ginn*, 282 S.W.3d at 433; *Alexander*, 134 S.W.3d at 849 ("The absence from the record of affirmative proof that notice of intent to dismiss or of the order of dismissal was provided does not establish error."). In the present case, the record contains an order reciting that notice of intent to dismiss was sent to CVN at the address on file with the district clerk, and is otherwise silent regarding which address the district clerk used for the notice. This is insufficient to constitute error on the face of the

5

record. *See Alexander*, 134 S.W.3d at 850 (mere silence as to whether notice was sent does not establish that notice was not sent or that it was sent to the wrong address).

To show error on the face of the record, CVN relies on a recitation in the trial court's order denying CVN's motion for application of rule 306a(4), which was signed on May 29, 2007:

> After hearing the testimony and taking judicial notice of the court's file in this case and of the information in the Court Administrator's computer system, including information about where notices were sent regarding the dismissal order, the Court finds that neither Plaintiff nor Plaintiff's counsel received notice from this Court or obtained actual knowledge of the dismissal order dated January 9, 2007, until April 17, 2007.

CVN contends that the trial court's finding that neither CVN nor its attorney received notice of the dismissal order establishes that the district clerk must have sent the notice of intent to dismiss to an incorrect address—the address for CVN's previous counsel. CVN asserts that this demonstrates error on the face of the record. However, the trial court's finding itself is extrinsic evidence not before the trial court prior to final judgment. As quoted above, the trial court's finding was expressly based on three things: (1) the court's file, (2) the Court Administrator's computer system; and (3) testimony heard at the rule 306a(4) hearing. While we agree that the court's file and the Court Administrator's computer system, as they existed at the time of the dismissal, are not extrinsic evidence, the trial court's finding was also based on testimony heard at the rule 306a(4) hearing. The appellate record in this cause does not include a reporter's record from that hearing. Accordingly, we do not know exactly what the testimony consisted of. By the very nature of a rule 306a(4) hearing, however, it must have included testimony from a representative of CVN that CVN did not receive

6

notice of the dismissal. Such testimony does constitute extrinsic evidence. Moreover, the court's file and the Court Administrator's computer system do not, by themselves, show that CVN did not receive notice of either the dismissal order or the intent to dismiss. Without considering the extrinsic evidence, therefore, error is not apparent on the face of the record. *Alexander*, 134 S.W.3d at 848-49; *Falcon Ridge Apartments*, 811 S.W.2d at 943-44. If the district clerk did in fact send notice of the trial court's intent to dismiss only to CVN's former counsel, and not to CVN's last known address, such error is not apparent on the face of the record that existed at the time the trial court signed the dismissal order.

### CONCLUSION

Because it is not apparent on the face of the record that notice was sent to an incorrect address and that CVN was not given notice of the trial court's intent to dismiss for want of prosecution, we overrule its appellate issue and affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: August 31, 2009