# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00022-CV

**Stuart Thomas Gerstacker, Appellant**

**v.**

**Kimberly Ann Gerstacker, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-FM-03-001171, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Stuart Thomas Gerstacker filed a notice of appeal complaining of the trial court's divorce decree, signed December 1, 2008. In our review of the clerk's record, we discovered that the divorce proceeding, which was initially filed in 2003,[1] was dismissed for want of prosecution on July 19, 2007, and that the cause was never reinstated on the trial court's docket. The divorce decree was signed more than a year later, well beyond the date on which the trial court lost plenary power over the cause. The divorce decree, therefore, is a void order. *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) ("The February 1, 2005 order granting a new trial was signed after the court's plenary power period expired, and, therefore, that order

---

[1] Mrs. Gerstacker apparently has filed two different original petitions for divorce, the present case, filed in 2003, trial court cause number D-1-FM-03-001171, and one filed in 2006 in trial court cause number D-1-FM-06-003629. The 2006 petition apparently was filed after she learned that Mr. Gerstacker had not fulfilled his promise to file an agreed final divorce decree signed by the parties.

was void."); *State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity.").

In response to our inquiry regarding our jurisdiction to consider the appeal, Ruth Stepherson, Mrs. Gerstacker's attorney, filed a response explaining that in July 2008, when she began her representation of Mrs. Gerstacker, she contacted the trial court to ask why Mrs. Gerstacker had not received notice of the July 2007 dismissal. Ms. Stepherson was informed that there had been an error and that the cause should not have been dismissed because "there were Temporary Orders issued and by dismissing the cause there were no protections for the minor child." She was told that if she filed a Motion for Enforcement of Child Support, "the case would be reactivated." Ms. Stepherson followed this advice, filing a motion to enforce on August 1, 2008, which was set for a hearing at the end of August 2008, and the case proceeded from there, culminating in the final hearing in December 2008. Ms. Stepherson asserts that there was good cause to retain the case on the trial court's docket and that "jurisdiction was invoked" when Mrs. Gerstacker filed her motion to enforce on August 1, 2008.

According to Ms. Stepherson's response, the trial court agrees that the July 2007 dismissal was done in error and there seems to be an unwritten policy in Travis County not to dismiss for want of prosecution in cases involving temporary orders related to children.[2] Further, Ms. Stepherson states that Mrs. Gerstacker "had not received notice of the dismissal." Finally, it appears from the conduct of this case that the trial court believed the case could be "reactivated" by Mrs. Gerstacker's motion to enforce. However, having reviewed the case law and rules of procedure

---

[2] We could find no such policy reflected in local rules of the Travis County District Courts.

and although we recognize the difficult position in which this places Mrs. Gerstacker, we conclude that we have no choice but to declare the divorce decree void and dismiss the appeal.

A trial court may not dismiss for want of prosecution unless notice of the intent to dismiss is sent to each represented party's attorney and to each pro se party. Tex. R. Civ. P. 165a(1). Notice of a dismissal must be mailed to the parties immediately. *See* Tex. R. Civ. P. 165a(1), 306a(3). Unless a party files a timely motion that extends the trial court's plenary power, the court's plenary power expires thirty days after a judgment is signed. Tex. R. Civ. P. 329b(d). After the court's plenary power expires, the "judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law," although the court may render a judgment nunc pro tunc to correct a clerical error and may sign an order declaring an earlier order void because it was signed after the court's plenary power had expired. Tex. R. Civ. P. 329b(f). A judgment rendered in violation of rule or statute but signed by a court with proper jurisdiction over the cause is voidable, not void. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) (quoting *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990)) ("Errors other than lack of jurisdiction, such as 'a court's action contrary to a statute or statutory equivalent,' merely render the judgment voidable so that it may be 'corrected through the ordinary appellate process or other proper proceedings.'").

On July 19, 2007, the trial court signed the order dismissing the cause for want of prosecution. Regardless of whether notice was provided before or after the dismissal, the trial court had jurisdiction at the time it signed the order, and the dismissal is merely voidable. *See id.* The trial court lost plenary power thirty days later and thus was without jurisdiction to proceed any further as of August 20, 2007. Ms. Stepherson's inquiries and the trial court's instructions related

3

to the motion to enforce occurred a year later. The trial court had no jurisdiction over the case at the time it heard Mrs. Gerstacker's motion to enforce and signed the final divorce decree.

A party may file a bill of review to overturn an improper judgment within four years of the judgment's signing. *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998); *see Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004) (when plaintiff did not receive notice of trial court's intent to dismiss for want of prosecution, dismissal is erroneous and plaintiff is entitled to pursue reinstatement through bill of review); *see also Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009) ("When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence."). A bill-of-review petitioner who did not receive notice of a trial court's intent to dismiss for want of prosecution must show she was not negligent in failing to seek to retain the case on the trial court's docket. *See Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (bill of review petitioner generally must prove (1) meritorious defense (2) that she was prevented from making by opposing party or official mistake, (3) unmixed with her own fault or negligence, but petitioner claiming non-service is relieved of first two elements).

The motion to enforce filed by Mrs. Gerstacker is not a bill of review and does not allege any of the required elements of a bill of review. *See id.* The motion seeks only to enforce a prior order related to child support and does not refer to the dismissal in any form. The July 2007 dismissal order was a final, appealable order entered in this case, and because there was no notice of appeal filed within thirty days of that order, we are without jurisdiction to consider the appeal.

4

*See State ex. rel Latty*, 907 S.W.2d at 486. We therefore have no choice but to declare the divorce decree void and dismiss the appeal for want of jurisdiction.

_____

David Puryear,  Justice

Before Justices Patterson, Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed:   September 4, 2009