



# MEMORANDUM OPINION

No. 04-08-00907-CV

Maria Elsa **VARGAS**,
Appellant

v.

Mario **NAKAZONO**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2008CVQ000472 D2
Honorable Raul Vasquez, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed: November 4, 2009

AFFIRMED

This is a restricted appeal from an order dismissing the underlying cause for lack of prosecution. Maria Elsa Vargas asserts the trial court abused its discretion in dismissing her case because the trial "court did not provide adequate notice that a dismissal was intended, such that Vargas'[s] right to due process was denied." Vargas contends that she never received written notice of the dismissal hearing.

Initially, we note that the trial court's order states that the attorney of record was "duly notified." We presume the recital in the order is correct absent controverting proof in the record. *See CVN Group, Inc. v. Delgado*, No. 03-07-00291-CV, 2009 WL 2837691, at *2 (Tex. App.—Austin Aug. 31, 2009, no pet. h.); *In re B.D.*, 16 S.W.3d 77, 80 (Tex. App.—Houston [1st Dist.] 2000, pet. denied); *MJR Fin., Inc. v. Marshall*, 840 S.W.2d 5, 9 (Tex. App.—Dallas 1992, orig. proceeding).

"When a party claims in a restricted appeal that required notice was not given or a required hearing was never held, the error must appear on the face of the record." *Ginn v. Forrester*, 282 S.W.3d 430, 432 (Tex. 2009). "When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence." *Id*.

"The rules governing dismissals for want of prosecution direct the district clerk to mail notice containing the date and place of hearing at which the court intends to dismiss the case, TEX. R. CIV. P. 165a(1), and a similar notice of the signing of the dismissal order, *see* TEX. R. CIV. P. 306a(3)." *Id*. at 433. "But the rules do not impose upon the clerk an affirmative duty to record the mailing of the required notices; accordingly, the absence of proof in the record that notice was provided does not establish error on the face of the record." *Id*.

In the present case, the record contains an order reciting that notice was given, and the record is otherwise silent with regard to notice. Accordingly, because Vargas failed to establish error on the face of the record, the trial court's order is affirmed.

Catherine Stone, Chief Justice