Dismissed and Memorandum Opinion filed December 3, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00959-CV

___________________

 

BETHANY JAMES, Appellant

 

V.

 

WESTGATE APARTMENTS, Appellee



 



 

On
Appeal from the County Civil Court at Law No. 4

Harris County,
Texas



Trial Court Cause No. 922116

 



 

 

MEMORANDUM OPINION

            In this restricted appeal, appellant Bethany James
challenges a default judgment in a suit filed in the justice court by Westgate
Apartments to recover unpaid rent.  In two issues, appellant contends the trial
court erred in (1) granting a default judgment without providing her sufficient
notice of trial, and (2) awarding excessive damages.  We dismiss the appeal.

Factual and Procedural Background

            On May 11, 2008, appellee filed a forcible entry and detainer
suit against appellant in justice court.  Appellee prevailed in the justice
court and appellant appealed to the county court at law.  See Tex. Civ.
Prac. & Rem. Code Ann. 51.001 (Vernon 2008).  On July 31, 2008, notice of
the trial setting was mailed via certified mail, return receipt requested, to
appellant’s attorney.  On September 2, 2008, the case was called to trial by
the county civil court at law, but appellant did not appear.  Prior to hearing
testimony, the court stated, “The courtroom having been sounded three times,
the defendant Bethany James is not here, despite having been given notice to be
here for trial at 9:00 a.m.”  

Patricia
Orozco testified on appellee’s behalf that appellant owed five months’ rent of
$509.00 per month.  The trial court signed a judgment ordering appellant to pay
appellee $2545.00 in past due rent.  Appellant filed this restricted appeal claiming
she did not receive notice of the trial setting and the damages award was
excessive.

Standard of Review

A party who
did not participate in the hearing, either in person or through counsel, and
who did not timely file an appeal may file a restricted appeal.  See
Tex. R. App. P. 30.  To obtain reversal of an underlying judgment by restricted
appeal, an appellant must demonstrate that (1) she filed notice of the
restricted appeal within six months after the judgment was signed; (2) she was
a party to the underlying lawsuit; (3) she neither participated in the hearing
that resulted in the judgment complained of, nor timely filed any post-judgment
motions or requests for findings of fact and conclusions of law; and (4) any
error is apparent on the face of the record.  See Tex. R. App. P.
26.1(c), 30; Ginn v. Forrester, 282 S.W.3d 430, 432 (Tex. 2009).  For
purposes of a restricted appeal, the face of the record consists of all papers
filed in the appeal.  Norman Commc'ns v. Texas Eastman Co., 955 S.W.2d
269, 270 (Tex. 1997).  In this case, the record shows that appellant met the
first three requirements.  Therefore, she must demonstrate that the errors she
asserts are apparent on the face of the record.

 

Notice of Trial Setting

We first
consider whether the record on its face shows that she did not receive notice
of the trial setting.  Error that is merely inferred will not suffice.  See
Gold v. Gold, 145 S.W.3d 212, 213 (Tex. 2004) (a restricted appeal requires
error that is apparent, not error that may be inferred).  We thus consider
whether appellant has shown error that is apparent on the face of the record. 

We presume a
trial court will hear a case only after the parties have received proper
notice.  Boateng v. Trailblazer Health Enterprises, L.L.C., 171 S.W.3d
481, 492, n. 4 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).  Under Rule
21a of the Texas Rules of Civil Procedure, notice may be served by delivering a
copy to the party or the party’s attorney of record either in person, by agent,
or by certified or registered mail.  Tex. R. Civ. P. 21a.  Due process requires
that the method of service be reasonably calculated, under the circumstances,
to apprise interested parties of the proceeding and to provide them an
opportunity to present objections.  See Peralta v. Heights Med. Ctr., Inc.,
485 U.S. 80, 84–85 (1988).  

Although
appellant claims that she did not receive notice of the trial setting, the
record reflects that notice was sent to her attorney of record by certified
mail return receipt requested to his address at 2700 Post Oak Blvd., Suite
1350, Houston, Texas 77056, the address appellant’s attorney listed with the
trial court and with this court.  Appellant claims the record only reflects
that the trial court attempted to call appellant three times on the morning of
trial.  However, the record also reflects that appellant failed to appear
despite being given notice of the 9:00 a.m. trial setting. We conclude that
appellant failed to demonstrate that lack of notice is apparent from the face
of the record.  Appellant’s first issue is overruled.

Damages

Appellant
further argues that the trial court’s award of $2,545.00 in damages is excessive. 
Appellant argues the record reflects that she failed to pay rent of $509.00 per
month for the months of May, June, and July, so the damage award of five
months’ rent is excessive.  At trial, Orozco testified that appellant was
required to pay $509.00 per month in rent.  Appellee’s counsel asked, “is it
true that the defendant has not paid her rent for May, June, July—”  The court
then interrupted appellee’s counsel to note that appellant was not present for
trial despite having received notice.  After the trial court’s statement,
Orozco testified that the amount owed was $2,545.00, and produced a ledger
activity report showing $2,545.00 owed for five months’ past due rent.  

The face of
the record reflects that appellant owed five months’ rent of $509.00 per month
for a total of $2,545.00.  We cannot infer from the record that counsel’s
interrupted question is evidence that rent was only owed for the months of May,
June, and July.  Therefore, appellant has failed to show error apparent on the
face of the record with regard to damages.  Appellant’s second issue is
overruled.

We conclude that
appellant has failed to meet the requirements of a restricted appeal and we
dismiss the appeal for want of jurisdiction.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Frost, and Brown.