Affirm and Memorandum Opinion filed July 12, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00401-CV

___________________

 

Al McZeal, Appellant

 

V.

 

EMC Mortgage Corporation,
Appellee



 



 

On
Appeal from the County Court at Law No. 4

Harris County,
Texas



Trial Court Cause No. 953648

 



 

 

MEMORANDUM OPINION

            Pro se appellant, Al McZeal, brings a
restricted appeal of a default judgment from County Court at Law No. 4.  He
argues four points of error on appeal.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On March 20, 2006, Mae McCrimmon executed a deed of
trust for real property at 7307 Crescent Bridge Court, Humble, Texas, 77396
(“Crescent Bridge Property”).  The named trustee was “Steven Samford.”  (RR,
Plaintiff’s Exhibit 2)  

On September 4, 2007, EMC Mortgage Corporation
(“EMC”) purchased the deed of trust for the Crescent Bridge Property from a
substitute trustee named Jack Palmer at a foreclosure sale.[1]  The same day, EMC
sent separate notices via regular and certified mail to McCrimmon and “regular
mail occupant” that they had three days to vacate the property.  On November
16, 2009, EMC filed an original petition for forcible detainer in Justice Court
Precinct 3, Place 1 against McCrimmon and “all occupants” of the Crescent
Bridge Property.  McZeal, referring to himself as an “Occupant and title owner
of the [Crescent Bridge Property] via ‘Adverse Possession,’” responded in a pro
se motion to dismiss the case and answer to EMC’s original petition on
December 8, 2009.  Below his signature on his motion, McZeal listed his address
as “2222 Irish Spring Dr., Houston Texas, 77067 (“Irish Spring Property”).

The Justice Court issued a “Notice of Default
Judgment” against “McCrimmon and all Occupants, et al” on December 9, 2009.  In
that judgment, the Justice Court entered an order for EMC to take possession of
the Crescent Bridge Property and for the defendants to pay $1,000 of EMC’s
attorney’s fees.  

McZeal filed an “Affidavit of Inability to Pay Costs
for Appeal (Evictions)” in the Justice Court on December 14, 2009.  In that
document, he states that his address is the Crescent Bridge Property and that
his former address is the Irish Spring Property.  

On January 27, 2010, McZeal filed his appeal in
County Court at Law No. 4 (herein the “trial court”).  He listed the Irish
Spring address below his signature.  On February 1, 2010, EMC mailed three
separate notices of a February 22, 2010 trial date via certified mail to
McCrimmon, McZeal, and “All Other Occupants.”  These notices were mailed to the
Crescent Bridge Property.  The record does not indicate where the trial court
sent McZeal’s notice of trial.

On February 22, 2010, the trial court stated on the
record that the “courtroom having been sounded three times for the defendant
Mae McCrimmon, Mae McCrimmon, Mae McCrimmon, the defendant is not present despite
having been given notice to be here for trial.”  The trial court issued a final
judgment that day stating, “in the event Defendants Mae McCrimmon, Al McZeal
and All Other Occupants do not vacate the [Crescent Bridge Property] on or
before February 28, 2010, a writ of possession shall issue to enforce [EMC’s]
right of possession.”

McZeal filed a restricted appeal to this court on May
4, 2010.  

DISCUSSION

I.                  
 McZeal is Presumed to Have Received Notice of the Trial Date
from the Trial Court.  Consequently, the Default Judgment was Properly Entered.

McZeal argues in his first point of error that
service was not complete because EMC sent its notice of trial to the Crescent
Bridge Property rather than the Irish Spring Property.  His second point of
error states that as a result of the allegedly improper notice, the trial court
erred by ordering a default judgment.  McZeal contends in his third point of
error that his due process rights were violated because the trial court entered
the default judgment.  We address these issues together.

A.     Standard
of Review

To prevail in a restricted appeal, McZeal must
establish that: (1) he filed notice of the restricted appeal within six months
after the judgment was signed; (2) he was a party to the underlying lawsuit;
(3) he did not participate in the hearing that resulted in the complained-of
judgment and did not timely file any post-judgment motions or requests for
findings of fact or conclusions of law; and (4) error is apparent on the face
of the record.  Alexander v. Lynda’s Boutique, 134 S.W.3d 845, 848 (Tex.
2004).  “A restricted appeal requires error that is apparent on the face of the
record; error that is merely inferred will not suffice.”  Ginn v. Forrester,
282 S.W.3d 430, 431 (Tex. 2009) (per curiam).  

B.      Analysis

Only the fourth element of the restricted appeal
requirements is argued by the parties.  Alexander, 134 S.W.3d at 848.  McZeal
argues that error is apparent on the face of the record because there is
evidence that EMC sent notice of the trial date to McZeal at the Crescent
Bridge Property, but not to the Irish Springs Property.  

McZeal was entitled to eight days’ notice of the trial
date for his appeal to the county court on the forcible detainer action.  Tex.
R. Civ. P. 753.  A trial court has a duty to inform the parties of the trial
date, but does not have a duty to record that the notices were mailed.  Tex. R.
Civ. P. 245; Ginn, 282 S.W.3d 430, 432.  We presume a trial court will hold
a trial only after proper notice is given.  Welborn-Hosler v. Hosler, 870
S.W.2d 323, 328 (Tex. App.—Houston [14th Dist.] 1994, no writ).  An appellant
challenging that presumption has an affirmative duty to show lack of notice.  Id. 


Silence of the record is insufficient to show error
on the face of the record.  Ginn, 282 S.W.3d at 433.  The appellate
record is silent regarding where the trial court sent notice of the trial
date.  We therefore presume the trial court’s notice was properly served and
timely.  Consequently, we overrule McZeal’s first two points of error because
he is deemed to have received notice of the trial date.  Ginn, 282
S.W.3d 430, 432; Welborn-Hosler v. Hosler, 870 S.W.2d 323, 328 (Tex.
App.—Houston [14th Dist.] 1994, no writ).  The default judgment is proper
because McZeal did not appear for trial after he was deemed to have received
proper notice from the trial court.  

McZeal also argues that because EMC did not give him
notice at the Irish Springs Property, he was not afforded due process.  If a
party does not receive notice of a post-answer default judgment proceeding, he
is deprived of due process.  LBL Oil Co. v. Int’l Power Servs., Inc., 777
S.W.2d 390, 390-91 (Tex. 1989).  We have previously determined the trial court
is presumed to have given proper notice of the trial date, so there is no due
process violation.  

Nonetheless, even if McZeal did not receive notice, McZeal’s
due process rights were not violated if the method of service was reasonably calculated to give him notice of
the proceedings and an opportunity to be heard.  See Peralta v. Heights Med.
Ctr., Inc., 485 U.S. 80, 84-85 (1988).  This appeal is taken from a
forcible detainer action to evict McZeal from the Crescent Bridge Property. 
McZeal refers to himself in a brief to the Justice Court as “Occupant and title
owner of the [Crescent Bridge Property] via ‘Adverse Possession.’”  EMC sent
notice to the Crescent Bridge Property which, under the circumstances, was
reasonably calculated to give McZeal notice.  Peralta, 485 U.S. at
84-85.  

We overrule McZeal’s first three points of error.

II.              
 The Default Judgment Prevents this Court From Reviewing McZeal’s
Adverse Possession Claim

McZeal chose to file a restricted appeal into this
court.  A restricted appeal is for the limited purpose of providing a party
that did not participate at trial a chance to correct an erroneous judgment.  Franklin
v. Wilcox, 53 S.W.3d 739, 741 (Tex. App.—Fort Worth 2001, no pet.).  We
have determined the default judgment was an appropriate resolution of this
case.  Consequently, we are precluded from reviewing McZeal’s fourth issue
addressing his adverse possession claim.  See, e.g., Berger v. King, No.
01-06-00871-CV, 2007 WL 1775991 (Tex. App.—Houston [1st Dist.] 2007, no pet.)
(mem. op.).  We overrule McZeal’s fourth issue.

CONCLUSION

Having overruled each of McZeal’s points of error, we
affirm the trial court’s default judgment.

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Seymore, and McCally.

 









[1] The record does not
include documentation of the transfer of trust from Steven Samford to Jack
Palmer.