

**NUMBER 13-17-00636-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

TEXAS DEPARTMENT OF
PUBLIC SAFETY,                                                                 **Appellant,**

**v.**

**CYNTHIA D. CLARK,**                                                          **Appellee.**

**On appeal from the 329th District Court
of Wharton County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Benavides**

By four issues, which we address as three, appellant, the Texas Department of Public Safety (the Department), appeals an order expunging all files and records relating to appellee Cynthia Clark's offense of exploitation of a child. *See* TEX. PENAL CODE ANN. § 32.53 (West, Westlaw through 2017 1st C.S.). The Department argues that: (1) the trial court misinterpreted the expunction statute in granting the expunction; (2) Clark failed to present legally sufficient evidence showing she was entitled to an expunction; (3) the trial

court erred because it did not hold a hearing or in the alternative, erred by not having the hearing transcribed. We reverse and render judgment denying Clark's petition for expunction.

## I.   BACKGROUND

Clark was originally arrested and charged with exploitation of a child, a third-degree felony, and theft of property between fifty dollars and five hundred dollars, a Class B misdemeanor. *See id.* §§ 32.53, 31.03 (West, Westlaw through 2017 1st C.S.). In Clark's petition for expunction, filed on October 11, 2016, she stated that the exploitation of a child charge was "dismissed or quashed on September 14, 2012." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West, Westlaw through 2017 1st C.S.) (expunction statute). However, the Department pointed out in its answer, filed on December 14, 2016, that Clark pleaded guilty pursuant to a plea bargain on the theft charge and was sentenced to twelve months deferred adjudication on October 17, 2012. Both charges arose out of the same transaction and arrest.

The clerk's record contains a letter from Clark to the Department confirming a hearing on the petition for expunction on May 18, 2017. However, no reporter's record of the proceeding was created.[1] The Department did not participate in the hearing, file any post-judgment motions, or request any findings of fact or conclusions of law. *See Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam) (requirements for restricted

---

[1] The official court reporter for the 329th Judicial District Court filed an affidavit with this Court in which she states that no reporter's record was made of the hearing on Clark's petition for expunction, and therefore, we are unable to conclusively verify that the Department did not participate in the hearing. However, the Department acknowledges in its appellate brief that it did not participate in the hearing, and we take the stipulation as true since this is undisputed by Clark. *See Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam) ("For over half a century, we have required courts to liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal."). Furthermore, we note that the trial court's docket entries on May 18, 2017, just state "Order of Expunction."

appeal).  The trial court granted Clark's petition on May 18, 2017, finding that Clark "is entitled to expunction as provided by Article 55.01(a)(2)(A), Texas Code of Criminal Procedure."  The Department filed its notice of restricted appeal.

## II.    RESTRICTED APPEAL

### A.    Standard of Review

Restricted appeals are governed by rule 30 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 30.  When a party does not participate in person or through counsel in a hearing that results in a judgment, that party may be eligible for a restricted appeal.  *See id.*  When addressing a restricted appeal, our review is limited to the face of the record.  *Ex Parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi 2016, no pet.).  For these purposes, the "face of the record" consists of all papers that were before the trial court at the time it rendered judgment.  *Id.*

To sustain a restricted appeal, the filing party must prove:  (1) the party filed notice of the restricted appeal within six months after the judgment was signed; (2) the party was a party to the underlying lawsuit; (3) the party did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the face of the record.  *Pike-Grant*, 447 S.W.3d at 886; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

### B.    Applicable Law and Discussion

3

To be entitled to a restricted appeal, the Department must meet the criteria related to a restricted appeal. We agree the Department filed a notice of restricted appeal within six months of the judgment and that it was a party to the underlying lawsuit, thereby meeting the first two prongs required. The third prong required the Department to show it did not participate in the hearing, file any post-judgment motions, or request findings from the trial court. *See Pike-Grant*, 447 S.W.3d at 886. We are required to liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal. *Id.*; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644–45 (Tex. 1985). The third prong is also met despite the Department filing an answer to Clark's petition—the Department did not participate in any hearing for the expunction order, file any post-judgment motion, or request findings of fact or conclusions of law. *See, e.g., Vega*, 510 S.W.3d at 547–48 ("We conclude the Department [met the third requirement] because even though it filed an answer in response to [the] petition, it did not participate in the hearing on [the] petition that resulted in the expunction order.").

Having concluded the Department meets the first three requirements, we now turn to whether error is apparent on the face of the record.

### III.   CLARK NOT ENTITLED TO EXPUNCTION

By its first two issues, the Department argues that Clark was not entitled to an expunction. It alleges that Clark served a term of community supervision from a charge arising out of her arrest.

### A.   Standard of Review

4

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Id.* at 548. To the extent the court's ruling on an expunction petition turns on a question of law, we review that ruling de novo. *Id.*

Because this is a restricted appeal, our review is limited to the face of the record. *Ginn v. Forrester,* 282 S.W.3d 430, 431 (Tex. 2009) (per curiam). The requirement that error be apparent from the face of the record means that "error that is merely inferred will not suffice." *Ginn*, 282 S.W.3d at 431. With this limitation, our scope of review is otherwise the same as in an ordinary appeal. *Vega*, 510 S.W.3d at 548.

## B.    Applicable Law

The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and released and, who meets certain other conditions, to have all records and files related to that arrest removed from the government's records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *Vega*, 510 S.W.3d at 548. Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Vega*, 510 S.W.3d at 548. As in other civil proceedings, it is the petitioner's burden to show that all the statutory conditions have been met. *Id.* And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction are mandatory and exclusive. *Id.* It is an abuse of discretion for the trial court to order expunction when the statutory conditions have not been met because the court possesses "no equitable power to permit expunction where it is not allowed" by statute. *Id.*

5

The Department's issue requires us to interpret the expunction statute. Statutory interpretation is a question of law that we review *de novo*. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Our goal in interpreting a statute is to give effect to the legislature's intent as expressed by the language in the statute. *Id.* We assume that the statute's words bear their "plain and common meaning" unless the Legislature provided a definition or another meaning that is apparent from the context. *Id.* at 625–26. We consider the statute as a whole, reading each word and phrase in context, and attempt to give effect to every part. *Mid–Century Ins. Co. of Tex. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). If the meaning of statutory language is clear and unambiguous, we may not resort to rules of construction or extrinsic aids. *City of Rockwall*, 246 S.W.3d at 626. However, we may also consider the object the Legislature sought to attain by enacting the statute. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 87 (Tex. 2006) (citing TEX. GOV'T CODE ANN. § 311.023(1) (West, Westlaw through 2017 1st C.S.)).

Article 55.01(a) of the expunction statute governs a petitioner's right to expunction and provides, in relevant part, that:

(a)     A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . .

(2)     the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

(A)     regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information

6

charging the person with the commission of a misdemeanor offense . . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A).

## C. Discussion

To establish her right to expunction under the statute, Clark must prove that: (1) she has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; (4) there was no court-ordered community supervision; and (5) other statutory requirements are not at issue here. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A); *see also Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 626 (Tex. App.—Austin 2014, pet. ref'd).

Clark's petition requested expunction of the exploitation of a child charge, but did not mention the theft that arose from the same transaction. However, as the Department points out, the separate offense of theft arose out of the same arrest. The statute makes no provision for expunging only records related to a particular charge that resulted from an arrest. *Vega*, 510 S.W.3d at 550; *see Ex parte Davila*, No. 13-15-00202-CV, 2016 WL 872997, at *4 (Tex. App.—Corpus Christi 2016, no pet.) (mem. op.). "If the Legislature wished to permit persons to expunge records related to a particular charge resulting from an arrest without expunging all records of the arrest itself, we presume that it would have included language with that meaning in the statute." *Vega*, 510 S.W.3d at 550. Section (a)(2) of the expunction statute treats an arrest as the unit of expunction and provides relief relating to arrests rather than charges." *See id.* at 551.

Clark cannot satisfy the fourth requirement she had to prove. Clark pleaded guilty to the theft charge and served a term of deferred adjudication probation, making her

ineligible for an expunction under the statue.  *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2).  We sustain the Department's first two issues.[2]

### IV.  CONCLUSION

We reverse the granting of Clark's expunction and render judgment denying Clark's petition for expunction.

GINA M. BENAVIDES,
Justice

Delivered and filed the
2nd day of August, 2018.

---

[2] Since these issues are dispositive, we need not address the Department's additional issues raised in this appeal.  *See* TEX. R. APP. P. 47.1.