Thomas **BROWN** d/b/a B & B Construction, Appellant,

v.

Philip **OGBOLU**, President d/b/a Allied Builders, Inc., Appellee.

No. 05–09–00371–CV.

Court of Appeals of Texas, Dallas.

Jan. 12, 2011.

---

Mark Frels, Michael E. Rohde, How Frels Rohde Woods & Duke, P.C., Dallas, TX, for Appellee.

Before Justices MORRIS, MOSELEY, and LANG.

## OPINION

Opinion By Justice MOSELEY.

This is a restricted appeal from the post-answer default judgment. Thomas Brown d/b/a B & B Construction sued Philip Ogbolu, President d/b/a Allied Builders, Inc. for breach of contract. Allied Builders, Inc. filed a counterclaim against Brown, and when Brown did not appear at trial the trial court rendered a default judgment against him. The default judgment dismissed Brown's claims, found there was no jurisdiction over Ogbolu individually, and granted judgment to Allied on its counterclaims. Brown appeals, asserting he is entitled to a new trial on the counterclaims against him based on errors apparent on the face of the record.

Brown does not challenge the take-nothing judgment on his claims against Allied, so we affirm that part of the trial court's judgment. However, we conclude the evidence is factually insufficient to support the default judgment on Allied's counterclaim against Brown asserting breach of the construction contract. We also conclude the judgment concerning the rest of Allied's counterclaims should be reversed and remanded in the interests of justice. We therefore reverse the trial court's default judgment against Brown based on Allied's counterclaims and remand the case for further proceedings.

### BACKGROUND

On October 31, 2007, Brown (acting pro se) sued Allied for damages resulting from

Mark J. Carroll, Cedar Hill, TX, for Appellant.

the alleged breach of a construction contract. Allied filed its answer and counterclaim on November 28, 2007. Allied sought a judgment against Brown for damages arising from his alleged breach of the construction contract, breach of a $5,000 promissory note, and theft. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§. 134.001–.005 (West 2005). The certificate of service attached to the answer and counterclaim, signed by Allied's attorney, stated the answer and counterclaim was mailed by certified mail to Brown at his address "on the ____ day of November, 2007." The blank was not filled in.

On December 12, 2007, the trial court sent notice to the parties that the case was set for a non-jury trial on September 29, 2008. The case was reached for trial on October 1, 2008, but Brown did not appear. The trial court signed a default judgment against Brown on October 6, 2008.

One hundred twenty days later—on February 3, 2009—Brown filed a motion for new trial and to extend the post-judgment deadlines Brown admitted that he did not have notice or actual knowledge of the default judgment until more than ninety days after the date of the judgment. The trial court denied the motion, concluding the post-judgment deadlines are not extended if a party first learns of a default judgment more than ninety days after the judgment. TEX.R. CIV. P. 306a(4) ("but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed"). Brown then perfected this restricted appeal. TEX.R.APP. P. 26.1(c), 30.

Brown brings three points of error on appeal. He argues that Allied did not serve its counterclaim on him, that the evidence was legally and factually insufficient to support the judgment against him for breach of the construction contract, and that the pleadings did not support a judgment against him on claims asserting breach of a promissory note and theft.

## RESTRICTED APPEAL

█ To obtain reversal of an underlying judgment by restricted appeal, an appellant must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact or conclusions of law; and (4) any error is apparent on the face of the record. *See* TEX.R.APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex.2004). There is no dispute that Brown has established the first two items.

█ As to the third item, it is undisputed Brown did not participate in the hearing that resulted in the judgment. Brown did file a motion for new trial and a motion to extend the post-judgment deadlines. However, he did so on February 3, 2009, one hundred twenty days after the judgment was singed. Brown and his attorney admit they did not have notice or actual knowledge of the judgment until January 6, 2009, ninety-two days after the judgment was signed. Because Brown acquired notice of the judgment more than ninety days after it was signed, the post-judgment deadlines cannot be extended under rule 306a(4). TEX.R. CIV. P. 306a(4); *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex.1993) (actual knowledge acquired 91 days after dismissal did not restart trial court's jurisdiction under rule 306a(4) to consider motion to reinstate). Therefore, Brown's motion for new trial was not timely. As a result, Brown satisfied the third requirement for a successful restricted appeal.

■ We now consider whether there is error apparent on the face of the record. For purposes of a restricted appeal, the record consists of all papers filed in the appeal, including the reporter's record. *Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997) (per curiam). However, the rule in Texas "has long been that evidence not before the trial court prior to final judgment may not be considered in a [restricted appeal] proceeding." *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture,* 811 S.W.2d 942, 944 (Tex.1991). When a party claims in a restricted appeal that required notice was not given or a required hearing was never held, the error must appear on the face of the record. *Ginn v. Forrester,* 282 S.W.3d 430, 432–33 (Tex.2009) (per curiam). When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence. *Id.*

### SERVICE OF COUNTERCLAIM

■ Brown argues the record shows the counterclaim was not served on him because Allied did not complete the blank for the day on the certificate of service.[1] We disagree. Under rule 124, a counterclaim may be served under rule 21a. TEX.R. CIV. P. 21a, 124. Rule 21a states "[t]he party or attorney of record shall certify to the court compliance with this rule in writing over signature and on the filed instrument." TEX.R. CIV. P. 21a. This certification "shall be prima facie evidence of the fact of service." *Id.; Miller v. Prosperity Bank, N.A.,* 239 S.W.3d 440, 442 (Tex. App.-Dallas 2007, no pet.). This presumption may be rebutted by evidence the document was not received. TEX.R. CIV. P. 21a ("Nothing herein shall preclude any party from offering proof that the notice or instrument was not received...."); *Cliff v. Huggins,* 724 S.W.2d 778, 779–80 (Tex.1987). In the absence of any proof to the contrary, the presumption has the force of a rule of law. *Cliff,* 724 S.W.2d at 780.

■ Allied served the counterclaim under rule 21a and included a certificate of service. While it is normal—and better practice—to include the date and manner of service in the certificate of service, the text of the rule does not require either. *See* TEX.R. CIV. P. 21a; *Approximately $14,980.00 v. State,* 261 S.W.3d 182, 187 (Tex.App.-Houston . [14th Dist.] 2008, no pet.) (noting rule 21a does not require certificate to indicate manner of service). We conclude the certificate of service on Allied's counterclaim sufficiently complied with the certification requirement to raise the presumption of service.[2] To prevail, Brown must show sufficient facts, on the

**1.** Brown does not argue on appeal that he did not have notice of the trial setting. *See* TEX.R. CIV. P. 245. His affidavit filed with his motion for new trial stated that he received the notice of the trial setting from the trial court but misplaced it and did not put the setting on his calendar. He does not raise a due process challenge to the default judgment. *See LBL Oil Co. v. Int'l Power Servs., Inc.,* 777 S.W.2d 390, 391 (Tex.1989) (per curiam); *Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988) (citing *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988)).

**2.** Because the pleading at issue here contained a certificate of service, cases concluding no presumption of service arose where the document or pleading lacked a certificate of service are distinguishable. *See, e.g., In re E.A.,* 287 S.W.3d 1, 5 (Tex.2009) (because amended petition did not contain certificate of service, party did not make a prima facie case of the fact of service on the basis of rule 21a); *Mathis v. Lockwood,* 166 S.W.3d 743 (Tex.2005) (per curiam) (no presumption of service of notice of trial setting arose where notice did not contain certificate of service).

face of the record, to rebut this presumption.

■ Brown points to certificates of service relating to other motions filed by Allied that are not signed and that contain the wrong zip code for Brown. However, the certificate of service on the answer and counterclaim is signed by Allied's attorney and contains the correct zip code as shown in Brown's original petition. We conclude there is no evidence on the face of the record to rebut the presumption of service raised by the certificate of service.

We overrule Brown's first point of error.

### SUFFICIENCY OF THE EVIDENCE

The trial court's default judgment awarded Allied $20,000 for damages based on its claim alleging Brown breached the construction contract claim. In his second point of error, Brown argues the evidence is legally and factually insufficient to support the judgment.

An appellant in a restricted appeal may challenge the legal and factual sufficiency of the evidence to support the default judgment. *Norman Commc'ns*, 955 S.W.2d at 270. However, when the evidence is legally insufficient to support a post-answer default judgment, the proper disposition is to reverse and remand for a new trial. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex.2009) (per curiam) (extending rule in *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex.1992) to post-answer default judgments). As Brown's legal sufficiency challenge will not result in greater relief than his factual sufficiency challenge, we need not and do not address it. *See Lerma*, 288 S.W.3d at 930. We apply the appropriate factual sufficiency standard of review. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

■ To prove a claim for breach of contract, a party must establish: (a) a valid contract; (b) the party performed or tendered performance; (c) the opposing party breached the contract; and (d) the party was damaged as a result of that breach. *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 55 (Tex.App.-Dallas 2006, pet. denied). The normal measure of damages in a breach of contract case is the benefit-of-the-bargain measure, which seeks to restore the injured party to the economic position it would have been in had the contract been performed. *See Qaddura v. Indo–European Foods, Inc.*, 141 S.W.3d 882, 888–89 (Tex.App.-Dallas 2004, pet. denied); *SAVA gumarska in kemijska industria d.d. v. Advanced Polymer Scis., Inc.*, 128 S.W.3d 304, 317 n. 6 (Tex.App.-Dallas 2004, no pet.)

■ Brown contends the evidence is factually insufficient to support the breach of contract claim because there was no evidence the alleged breach caused Allied to pay $20,000 more for the work than it would have paid Brown had he performed. The record indicates Brown signed a subcontractors and independent personnel agreement with Allied. The agreement was in very general terms and did not specify the work Brown was to perform. Ogbolu testified Brown was to provide labor and equipment for Allied's construction project for the City of Flower Mound. Ogbolu testified that Brown started the work, but did not complete it. Allied paid Brown approximately $29,000, but had several problems with Brown. Ogbolu testified Allied paid more than $20,000 to other contractors to correct some of the work Brown did and to complete all the work Brown was supposed to do. However, he did not specify what portion of that amount was for correcting work Brown performed and what portion was for com-

pleting work Brown did not perform. Ogbolu did not testify whether Allied paid more to other contractors to complete the work than it would have paid to Brown had he performed.

Other evidence in the record indicates Brown abandoned the job after being accused of falsifying payroll records and Allied had to hire other contractors to complete the work. The record is not clear about whether Brown may have been paid in advance for some of the work he did not perform.

After reviewing all the evidence, we conclude the evidence is so weak that the finding of $20,000 in damages resulting from breach of contract is clearly wrong and unjust. *See Cain,* 709 S.W.2d at 176. Thus the evidence is factually insufficient to support the default judgment as to that claim. We sustain Brown's second point of error. Because we are uncertain of the extent to which the trial court's award of attorney's fees was influenced by the amount of the judgment, we also reverse the award of attorney's fees based on breach of the construction contract. *See Young v. Qualls,* 223 S.W.3d 312, 314–15 (Tex.2007) (per curiam); *Barker v. Eckman,* 213 S.W.3d 306, 313–14 (Tex.2006).

## PLEADING ISSUE

Brown's third point of error argues the pleadings do not support the award of damages on the breach of promissory note claim and the theft claim. He also argues for a remand of those claims in the interest of justice.

The promissory note claim is based on a written contract attached to the counterclaim; it states that Allied agreed to lend $5,000.00 to Brown to be repaid five

months later without interest. The prayer also requested damages on the note in the amount of $5,000.00. However, the body of the counterclaim alleged that "[t]here is currently due the sum of $,000.00." Ogbolu testified that Brown signed the note when Ogbolu paid him $5,000.00; the note was due on April 30, 2007; and that Ogbolu demanded Brown pay the note, but Brown did not pay it. The default judgment awarded Allied $5,000.00 on the promissory note claim.

Allied's counterclaim for theft liability alleged that Brown had stolen fuel in the amount of $620.00 and payroll money in the amount of $4,300.00. The prayer requested a judgment under the theft liability act for $4,680.00 plus $1,000.00 attorney's fees.[3] Ogbolu testified at the hearing that Brown took approximately $4,680.00 worth of fuel from the job site without authority. The default judgment awarded Allied $5,680.00 on the theft liability act claim.

 Brown cites no authority supporting his pleadings argument; however, it is "impermissible in a default judgment to render judgment for damages in excess of the damages specifically pleaded." *Capitol Brick, Inc. v. Fleming Mfg. Co.,* 722 S.W.2d 399, 401 (Tex.1986); *Mullen v. Roberts,* 423 S.W.2d 576, 579 (Tex.1968). In general, a pleading will support a default judgment if it (1) states a cause of action within the jurisdiction of the court; (2) gives fair notice of the claim asserted; and (3) does not affirmatively disclose the invalidity of the claim. *Jackson v. Biotectronics, Inc.,* 937 S.W.2d 38, 42 (Tex.App.- Houston [14th Dist.] 1996, no writ). All

---

**3.** The theft liability act allows recovery of actual damages plus additional damages not to exceed $1,000.00. TEX. CIV. PRAC. & REM CODE ANN. § 134.005(a)(1). It also allows the prevailing party to recover court costs and reasonable and necessary attorney's fees. *Id.* § 134.005(b).

pleadings shall be construed so as to do substantial justice. Tex.R. Civ. P. 45.

 After finding reversible error, an appellate court has broad discretion to remand in the interest of justice. *See U.S. Fire Ins. Co. v. Carter,* 473 S.W.2d 2, 3 (Tex.1971) (per curiam); *Scott v. Liebman,* 404 S.W.2d 288, 294 (Tex.1966), *abrogated in part on other grounds by Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 517 (Tex.1978). As long as there is a probability a case has for any reason not been fully developed, an appellate court has the discretion to remand rather than render a decision. *Kondos v. Lincoln Property Co.,* 110 S.W.3d 716, 724 (Tex.App.-Dallas 2003, no pet.); *see also* Tex.R.App. P. 43.3. We have found reversible error on Brown's second point of error. Because a remand is necessary on the breach of construction contract claim, and because of the status of the pleadings and the nature of the proceedings and evidence adduced below, we conclude a remand in the interests of justice is appropriate on the promissory note and theft liability act claims as well.

### CONCLUSION

We affirm that portion of the trial court's default judgment dismissing Brown's claims against Allied with prejudice. We reverse that portion of the judgment granting Allied judgment against Brown on its counterclaims, and remand that portion of the case for further proceedings. *See Lerma,* 288 S.W.3d at 929–30.