# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00663-CV

**Alvin W. Byrd, Jr., Appellant**

**v.**

**Nicolas & Morris, a Texas General Partnership, Appellee**

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT
NO. 08-O-0394, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Pro se appellant Alvin W. Byrd, Jr. complains of the trial court's judgment, which declared that appellee, law firm Nicolas & Morris, owns a parcel of land in Caldwell County, a parcel that apparently used to be owned by one of Byrd's forebears. We affirm the judgment.

### Factual and Procedural Background

Nicolas & Morris filed its original petition, alleging it was the owner of a tract of land that was at some point partitioned to Nathan Byrd. Nicolas & Morris's suit named as defendants "the unknown heirs of Nathan Byrd" and several other people and asserted that the firm was the legal owner of the property under the doctrine of adverse possession, stating it had held peaceful and continuous possession of the property "under color of title with deeds from record owners of the property" since 1983, grazing cattle, paying taxes, and filing a description of the tract with the county's appraisal district. Appellant Byrd, one of Nathan Byrd's heirs, filed an answer in which

he contested the validity of Nicolas & Morris's claim of title, asserting that any deeds in the firm's favor were invalid because the land records did not "establish any relinquishing of the rights of" Byrd, that Nicolas & Morris never attempted to "claim ownership rights against [Byrd] in the said five years prior to filing" its suit, and that Nicolas & Morris was "actually a tenant-at-sufferance" that lacked possessory rights or any vested interest in the property. The trial court held a final hearing in the case on April 12, 2010. Byrd did not appear, but the trial court's judgment states that Byrd was given notice of the hearing. The defendants were represented by an attorney ad litem who had been appointed when the suit was filed.

During the April 12 hearing, Conrad Morris and Toufic Nicolas testified. Morris explained that in 1983, former partner John Barrow acquired the property from B.W. Bell, that the deed had been filed in the county's deed records, that Barrow took ownership of the property as trustee for the firm, and that Barrow deeded the property to the firm in 1995. Bell acquired the property in July 1970 from Basil Zim Zores, who acquired the property in April 1970.[1] Morris testified that the land was openly cultivated and used for cattle grazing by the firm and by a family to whom the firm leased the property starting in 1988. Since the firm acquired the property in 1995, it had paid all taxes and had re-leased the property to the same family. During the time they have been leasing the land, the lessees have grazed cattle, built and maintained fencing, grown hay and watermelons, and even lived on the property for about ten years.

After the presentation of Nicolas & Morris's evidence, the attorney ad litem stated that he had gone through the records and had "no objection to this going forward." The trial court

---

[1] The law firm produced copies of deeds between the Byrd forebears and Zores, between Zores and Bell, between Bell and Barrow, and between Barrow and the law firm.

signed a judgment in Nicolas & Morris's favor, giving the firm title to the property free of any claims by Byrd or other heirs of Nathan Byrd or the other past owners. No post-judgment motions were filed, and Byrd filed his notice of appeal on September 28, 2010.

## Discussion

Under the rules of appellate procedure, a notice of appeal generally must be filed within thirty days of the date the trial court signs its judgment or order. Tex. R. App. P. 26.1. If a party timely files certain post-judgment motions, such as a motion for new trial, the deadline is extended until ninety days after the judgment or order is signed. *Id.* R. 26.1(a).

The trial court signed its judgment on April 12, 2010, and thus the time to appeal from the trial court's judgment expired on May 12, 2010. Even if a post-judgment motion had been filed, the extended deadline to appeal would have run on July 12. Byrd's notice of appeal was not filed until September 28 and therefore was untimely. The only way we can exercise jurisdiction over this appeal is if we treat Byrd's appeal as a restricted appeal under rule 26.1(c). *See id.* R. 26.1(c) (deadline to file restricted appeal is six months from date judgment is signed). Although Byrd does not cite to rule 26.1(c) or mention the standard of review employed in a restricted appeal, he asserts that he did not receive notice of the April 12 hearing. We will thus proceed as if this was intended to be brought as a restricted appeal.[2]

---

[2] Byrd's primary arguments relate to the propriety of the 1970 deeds from which Nicolas & Morris's claim to title arise. There was no evidence presented before the trial court attacking the validity of those deeds, however. The only argument Byrd makes that might be sustainable on restricted appeal relates to whether he received notice of the April 12 hearing.

A party bringing a restricted appeal has the burden of proving that there is error apparent on the face of the record. *Brown v. Ogbolu*, 331 S.W.3d 530, 533 (Tex. App.—Dallas 2011, no pet.). When a party to a restricted appeal claims that he did not receive required notice, the error must appear on the face of the record, and "the absence of proof in the record that notice was provided does not establish error on the face of the record." *Ginn v. Forrester*, 282 S.W.3d 430, 432-33 (Tex. 2009) (per curiam). If a party needs extrinsic evidence to challenge a judgment, he must raise the issue by motion for new trial or by bill of review filed in the trial court to give the trial court an opportunity to consider the evidence related to the propriety of notice. *Id.* at 432.

Although Byrd asserts in his briefs that he did not receive notice of the April 12 hearing, the face of the record does not speak to whether he received notice, and he did not raise this argument before the trial court by way of a bill of review or a motion for new trial. *See id.* Byrd attached to his brief an "affidavit" that states that he did not receive written notice of the April 12 hearing date, but that evidence was not presented to the trial court.[3]

The judgment signed by the trial court recites that Byrd was given notice but failed to appear, and at the beginning of the April 12 hearing, the trial court noted that Byrd, the only heir who had answered, was "sitting over there in the Bastrop federal penitentiary." Further, Byrd states in his brief that he "was not provided confirmation of the April 12, 2010 hearing date, although such

---

[3] Byrd attached a document entitled "affidavit," but which is more properly viewed as an unsworn declaration. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (West Supp. 2012). In his declaration, he states, "I was advised by the Clerk of the Caldwell County District Court that no hearing date of any kind was established by the District Court in the subject case 08-O-0394. This information was provided prior to April 12, 2010. I was also not given written notice of a hearing date being confirmed by Caldwell County District Court."

4

confirmation was requested," and that he "requested reset of the hearing date." Byrd cites to his "Motion for Discovery and Motion for Hearing Date," filed in the trial court on March 23, 2010, in which he states that he was attempting to contact other heirs to determine if they could attend a hearing and provide evidence. In that motion, Byrd does not refer to the April 12 hearing but does request additional time to find the other heirs, asking the trial court to set a hearing in mid-June or later. Based on the documents before us, the record does not show that Byrd received no notice of the hearing and in fact implies that he knew about the April 12 hearing date and wanted it to be delayed. Byrd has not carried his burden of showing error on the face of the record. *See id*.; *Brown*, 331 S.W.3d at 533.

### Conclusion

Because Byrd has not shown error on the face of the record, we affirm the trial court's judgment.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed:  January 9, 2013

5