**AFFIRM in Part, REVERSE in Part, and REMAND;  Opinion Filed November 6, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00032-CV

**PEDRO DIAZ DBA G&O DIAZ TRUCKING, Appellant**
**V.**
**MULTI SERVICE TECHNOLOGY SOLUTIONS CORPORATION, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-01850-C**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice Fillmore

In this restricted appeal of a default judgment, appellant Pedro Diaz dba G&O Diaz Trucking asserts: (1) he is entitled to bring a restricted appeal; (2) the trial court erred by granting a default judgment against him because he was never served with process; (3) there was insufficient evidence to support damages; and (4) misnomer supports reversal of the default judgment.  We affirm the trial court's judgment in part, reverse the trial court's judgment in part, and remand the case to the trial court for a new trial on damages.

### Background

In its original petition, appellee Multi Service Technology Solutions Corporation (MSTSC), a Missouri corporation, sued "Pedro Diaz dba G&O Diaz Trucking" for breach of contract and on a sworn account.  The affidavit of service of citation indicates a copy of the

citation and plaintiff's original petition were served on Pedro Diaz at 9027 Winterset, Dallas, Texas, on April 9, 2013 at 8:48 a.m. Diaz did not file an answer or otherwise appear.

A default judgment was signed by the trial judge on July 20, 2013 in favor of the "plaintiff" and against "Pedro Diaz dba G&O Diaz Trucking." The default judgment rendered by the trial court orders that Multi Service Technology Solutions, Inc. (MSTSI) recover damages in the amount of $19,631.30, which represents the sum of the principal debt of $18,293.14, pre-judgment interest of $1,338.16, and $2,500.00 of attorney's fees.

## Restricted Appeal

In his first issue, Diaz asserts he is entitled to bring this restricted appeal. A restricted appeal must (1) be brought within six months after the judgment was signed; (2) by a party to the underlying lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) complain of error apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *Gonzalez v. Gonzalez*, 331 S.W.3d 864, 866 (Tex. App.—Dallas 2011, no pet.). MSTSC does not contest that Diaz is entitled to bring a restricted appeal and acknowledges Diaz "has recited all of the requirements of a restricted appeal." On appeal, Diaz asserts there is error on the face of the record, and the record indicates Diaz brought this appeal within six months after the default judgment was signed, did not participate in a hearing resulting in the default judgment, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(c), 30; *Lejeune*, 297 S.W.3d at 255. Accordingly, we resolve Diaz's first issue, concerning his entitlement to bring a restricted appeal, in his favor.

## Service of Process

In his second issue, Diaz asserts the trial court erred by granting a default judgment against him because he was never served with process. According to Diaz, the service of process was defective and error is apparent on the face of the record because he could not have been served as reflected on the affidavit of service of citation. The affidavit of service of citation states Diaz was served with a citation and the original petition on April 23, 2013, at 8:48 a.m., at his address in Dallas, Texas. Diaz relies on his affidavit and the affidavit of his employee, Juan Ramos, filed in the trial court months after the default judgment was signed, to support his contention that he could not have been served the morning of April 23, 2013 in Dallas, Texas, because he was working in Fort Worth, Texas, at the time.

Review by restricted appeal, formerly appeal by writ of error,[1] affords an appellant the same scope of review as an ordinary appeal, that is, a review of the entire case, with the only restriction being that any error must appear on the face of the record. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Conseco Fin. Servicing v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The reviewable record includes all papers on file before the judgment as well as any reporter's record. *In re B.M.*, 228 S.W.3d 462, 464 (Tex. App.—Dallas 2007, no pet.); *Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pet. denied). Evidence not before the trial court prior to final judgment is beyond the scope of review in a restricted appeal and may not be considered. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004) (long-standing rule is that "evidence not before the trial court prior to final judgment may not be considered in a writ of error proceeding") (citing *Gen. Elec.*

---

[1] *See* TEX. R. APP. P. 30 ("Restricted appeals replace writ of error appeals to the court of appeals.").

*Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991)); *see also*

*Brown v. Ogbolu*, 331 S.W.3d 530, 534 (Tex. App.—Dallas 2011, no pet.).[2]

In support of his argument that error appears on the face of the record with regard to service of citation, Diaz relies upon the affidavits filed in the trial court after the default judgment was signed. That extrinsic evidence may not be considered in a restricted appeal. *See Lynda's Boutique*, 134 S.W.3d at 848–49. Accordingly, we resolve Diaz's second issue against him.

**Liability**

In his fourth issue, Diaz asserts a misnomer of MSTSC in the original petition requires reversal of the default judgment rendered against him. In its original petition, the plaintiff was identified as MSTSC, a Missouri corporation, however a default judgment in favor of "Plaintiff MULTI SERVICE TECHNOLOGY SOLUTIONS, INC." a Florida corporation, was taken against non-answering defendant Diaz dba G&O Diaz Trucking. Diaz also argues there is error on the face of the record because MSTSC sued him and took a default judgment against him as "Pedro Diaz dba G&O Diaz Trucking," although he had never done business as "G&O Diaz Trucking."[3]

When a no-answer default judgment is entered against a party on an unliquidated claim, the non-answering party is deemed to have admitted all facts properly pleaded, except for the

---

[2] When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence. *See Lynda's Boutique*, 134 S.W.3d at 848–49; *see also Ogbolu*, 331 S.W.3d at 534.

[3] Texas law distinguishes misnomer from misidentification. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4 (Tex. 1990). "Misnomer occurs when the proper party is included in the suit but listed with an incorrect name; misidentification, on the other hand, occurs when it is the wrong individual or entity to be included in the litigation." *Town & Country Suites, L.C. v. Harris Cnty. Appraisal Dist.*, No. 01-13-00869-CV, 2014 WL 2958281, at *4 (Tex. App.—Houston [1st Dist.] July 1, 2014, no pet. h.) (citing *Reddy P'ship/5900 N. Freeway LP v. Harris Cnty. Appraisal Dist.*, 370 S.W.3d 373, 376–77 (Tex. 2012)); *see also In re Greater Houston Orthopaedic Specialists*, 295 S.W.3d 323, 325 (Tex. 2009) (per curiam) (orig. proceeding) (misidentification "arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity"). This case involves misidentification of the plaintiff in the original petition, not misnomer. MSTSC acknowledged in its appellate brief that suit was filed by MSTSC, a Missouri corporation, rather than MSTSI, a Florida corporation. MSTSC did not merely misname the correct plaintiff, which would have constituted misnomer. Rather, MSTSC filed suit in its name but obtained an award of damages in favor of MSTSI, a separate legal entity.

amount of damages. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam); *Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 516 (Tex. 1999). Thus, if the facts set out in the petition allege a cause of action, the default judgment conclusively establishes the defendant's liability. *Morgan v. Compugraphic Co.*, 675 S.W.2d 729, 731 (Tex. 1984).

In its original petition, MSTSC sued Diaz for breach of contract and on a sworn account. There it is alleged Diaz applied for a credit card account with MSTSC, which was accepted, and Diaz used the credit card to purchase fuel and for other charges. MSTSC alleges Diaz failed to pay monthly invoiced statements as they became due, for which it seeks damages, interest, and attorney's fees. Diaz acknowledges the allegations of MSTSC's petition are deemed admitted because of entry of the no-answer default judgment.[4]

All allegations contained in the petition are deemed admitted except for the amount of unliquidated damages, and Diaz is precluded from challenging the legal and factual sufficiency of the evidence supporting the liability of Pedro Diaz dba G&O Diaz Trucking to MSTSC. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). We resolve Diaz's fourth issue against him.

**Damages**

In his third issue, Diaz asserts the affidavit with accompanying documents attached to MSTSC's original petition was insufficient under rule of civil procedure 185 to constitute a sworn account and prima facie evidence of MSTSC's damages. Diaz further asserts that on the face of the record, the evidence is factually and legally insufficient to support MSTSC's damages and, consequently, attorney's fees, and we agree.

---

[4] With regard to his argument that there is error on the face of the record because he has never done business as "G&O Diaz Trucking," Diaz relies on an assumed name record filed in the trial court as "part of [his] affidavit." However, the assumed name record for "P.D. G&O Diaz Trucking" was filed in the trial court months after the default judgment was rendered against Diaz dba G&O Diaz Trucking. As we concluded previously in this opinion, evidence not before the trial court prior to final judgment is beyond the scope of review in a restricted appeal and may not be considered. *See Lynda's Boutique*, 134 S.W.3d at 848–49.

The sufficiency of evidence supporting the amount of unliquidated damages awarded in a no-answer default judgment may be challenged by restricted appeal. *See Jackson v. Gutierrez*, 77 S.W.3d 898, 901 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see also Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 687 (Tex. App.—Dallas 2005, no pet.) (legal and factual sufficiency of evidentiary support for unliquidated damages may be challenged on appeal from no-answer default judgment). We will sustain a legal sufficiency or "no evidence" challenge if the record shows one of the following: (1) a complete absence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In reviewing a legal sufficiency complaint, we consider the evidence in the light most favorable to the prevailing party, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *Id*. at 827. A legal sufficiency challenge fails if there is more than a scintilla of evidence to support the finding. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006). When confronted by both a legal and factual sufficiency challenge, an appellate court must first review the legal sufficiency of the evidence. *Glover v. Tex. Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex. 1981).

In its original petition, MSTSC alleges it is in the business of "allowing an account for payment for diesel fuel and other trucking services to its customers." MSTSC alleges Diaz, through an account with MSTSC, used an MSTSC credit card but did not pay MSTSC the monthly invoiced credit card statements. MSTSC sued Diaz for the sum of the invoiced monthly credit card statements ($18,293.14). MSTSC attached to its original petition the affidavit of Doretta M. Watson, vice president of MSTSI. Attached to Watson's affidavit is the Cardholder

Agreement (Agreement) entered into by and between Multi Service Corporation (MSC) and G&O Diaz Inc. and a summary of G&O Diaz Inc.'s MSC fuel card account.

The record contains the trial court's "Default Judgment/Substituted Service Checklist" that was mailed to MSTSC on June 21, 2013. On the pre-printed form, the trial court checked two boxes reading "need business records affidavit or failed to demonstrate accuracy checked of records obtained from predecessor" and "conclusory affidavit of amount due," respectively. The form also contains a handwritten notation that "need business records aff'd attached w/credit card statements." MSTSC then filed Watson's second affidavit attesting to the attached business records of MSTSI. MSTSI's business records contain a copy of the Agreement between MSC and G&O Diaz Inc., as well as copies of MSC's account billing statements and "Multi Service Fleet" transaction reports showing the amounts and dates of charges of G&O Diaz Inc.

According to its appellate brief, MSTSC "misstated its name in the caption of its petition and the state of its incorporation." MSTSC states it then "corrected the further filings" with the trial court by changing the name of the plaintiff from MSTSC to MSTSI. Although MSTSI is shown as plaintiff on the case caption of Watson's second affidavit, Watson's second affidavit refers to MSTSI as the plaintiff, and the default judgment "orders" that MSTSI as "plaintiff" recover judgment and attorney's fees from Diaz, no amended or supplemental petition was filed in this case naming MSTSI as a plaintiff, nor was Diaz served with a pleading naming MSTSI as a plaintiff.

There is clearly disharmony among MSTSC's petition, the documents attached to MSTSC's pleading, and the business records filed by MSTSI. Those documents and business records contain no reference to either MSTSC or MSTSI. Instead, those documents and business records reflect an Agreement entered into by G&O Diaz, Inc., signed by Diaz as guarantor and president, with MSC and the amounts and dates of charges on that MSC account. Here, the

amount of MSTSC's damages, if any, cannot be accurately calculated from its petition, attached documentation, and business records filed by MSTSI. MSTSC acknowledged in its appellate brief that suit was filed by MSTSC, a Missouri corporation, rather than MSTSI, a Florida corporation. MSTSC states in its appellate brief that the "original creditor," MSC, "had been acquired by Multi Services Technology Corporation just prior to the filing of the suit"[5] and, "[t]his contract was assigned to the successor company as part of the acquisition." Nothing in the record establishes MSC was acquired by Multi Services Technology Corporation. Nothing in the record establishes any relationship between Multi Services Technology Corporation and MSTSC. Nothing in the record establishes any relationship between MSTSC and MSTSI. Further, nothing in the record establishes an assignment by MSC of its contract with G&O Diaz, Inc.

Although the default judgment recites that it "appeared" to the trial court that MSTSC's "cause of action is liquidated and proven by open account," there is no evidence of any amount owed by Diaz to MSTSC.[6] *See Cont'l Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 190 (Tex. App.—Dallas 2000, pet. denied) (in suit on a sworn account, affidavit from plaintiff's representative complying with rule of civil procedure 185 constitutes prima facie evidence of the debt as against a party to the transaction, without necessity of formally introducing account into evidence). Accordingly, on this record, there is no evidence of MSTSC's claimed damages. *See Williams v. Asset Acceptance LLC*, No. 03-11-00520-CV, 2012 WL 2989219, at *6 (Tex. App.— Austin July 20, 2012, no pet.) (mem. op.) (where judgment awarded damages predicated on account not included in pleadings, that portion of awarded damages vacated as fundamentally

---

[5] The record contains no information regarding the entity "Multi Services Technology Corporation."

[6] There is, likewise, no evidence of any amount owed by Diaz to MSTSI.

erroneous). We conclude there is legally insufficient evidence to support an award of damages in favor of MSTSC, and we resolve Diaz's third issue in his favor.

We reverse the portion of the judgment awarding damages and remand MSTSC's claims for a new trial on damages. *See Unigus Steel, Inc.*, 156 S.W.3d at 688 (if no-evidence point sustained as to unliquidated damages resulting from no-answer default judgment, appropriate disposition is remand for new trial on issue of unliquidated damages). We also reverse the portion of the judgment awarding attorney's fees. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 201 (Tex. 2004) (party not entitled to recover attorney's fees because not awarded damages on its breach of contract claim); *Household Finance Corp. III v. DTND Sierra Invs., LLC*, No. 04-13-00033-CV, 2013 WL 5948899, at *12 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) (mem. op.) (no evidence to support actual damage award on breach of contract and DTPA claims; in absence of actual damage award, attorney's fees may not be recovered).

## Conclusion

We affirm the trial court's default judgment as to liability of Pedro Diaz d/b/a G&O Trucking in favor of Multi Service Technology Solutions Corporation. We reverse the trial court's judgment with regard to damages and attorney's fees. We remand Multi Service Technology Solutions Corporation's claims for a new trial on damages.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

140032F.P05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PEDRO DIAZ, Appellant

No. 05-14-00032-CV      V.

MULTI SERVICE TECHNOLOGY
SOLUTIONS CORPORATION, Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas,
Trial Court Cause No. CC-13-01850C.
Opinion delivered by Justice Fillmore,
Justices FitzGerald and Stoddart
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding damages and attorney's fees. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** appellee Multi Service Technology Solutions Corporation's claims for a new trial on damages.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 6th day of November, 2014.