**AFFIRM; Opinion Filed January 13, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01005-CV**

**GREG GUTMAN, Appellant**
**V.**
**JOE JAMESON, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-05078-D**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Kennedy
Opinion by Justice Kennedy

Greg Gutman, proceeding pro se, appeals the trial court's summary judgment in favor of Joe Jameson. Gutman complains the trial court erred by failing to rule on his objections to Jameson's evidence, by considering late-filed arguments and evidence, and by granting summary judgment in favor of Jameson. We affirm. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. 47.2((a), 47.4.

## BACKGROUND

Jameson and his wife France Jameson were members of a condominium association. Gutman is an attorney who lived at the same condominium project as

the Jamesons. Jameson contacted Gutman for assistance with a dispute he had with the condominium association, explaining that machinery under the control of the condominium association was making loud noises that interfered with his wife's sleep and resulted in health concerns related to her lack of sleep. Gutman agreed to write a letter to the president of the association on behalf of the Jamesons to demand that the association remedy the noise conditions and compensate the Jamesons in the amount of $20,000 for their pain and suffering and mental anguish. The president of the association did not respond to the letter or to Gutman. Ultimately, the Jamesons discussed the matter with a member of the board, and the machinery was ultimately repaired to the Jamesons' satisfaction.

Gutman requested payment from the Jamesons for his time preparing the demand letter. The Jamesons responded that their understanding was Gutman would prepare the letter without charge and would be compensated with a share of any amount the Jamesons received from the association or its insurer. Gutman disavowed ever agreeing to a percentage of any recovery and continued to demand payment for the hours he spent preparing the letter. Gutman filed suit against the Jamesons in the justice court. After the justice court decided in the Jamesons' favor, Gutman appealed the case to the county court at law.

In the county court at law, Gutman asserted claims against Jameson for breach of contract and quantum meruit.[1] Jameson answered with a general denial and affirmative defenses. Jameson later moved for traditional and no-evidence summary judgment on Gutman's claims against him. Gutman filed a response, Jameson filed a reply, and Gutman filed a sur-reply. After considering the foregoing filings, the county court at law signed an order granting summary judgment in favor of Jameson and subsequently filed a first amended order that included the following: "All relief not expressly granted herein is denied. This is a final judgment that disposes of all claims and all parties." Gutman timely filed this appeal.

DISCUSSION

## I. Evidentiary Objections and Late-Filed Arguments and Evidence

In addition to his stated issue challenging the grant of summary judgment in favor of Jameson, Gutman's brief raises the following issues:

1) The trial court committed reversible error by failing to rule on evidentiary objections to Jameson's summary-judgment evidence.

2) The trial court erred by considering late-filed arguments and evidence in granting summary judgment.

We first consider whether Gutman preserved his objections to Jameson's summary-judgment evidence and conclude that he did not. Because he failed to

---

[1] Gutman's appeal to the county court at law and his petition filed there named only Joe Jameson, not his wife France, as a defendant. She is therefore not a party to that action or to this appeal.

–3–

obtain a ruling on any of his evidentiary objections, he failed to preserve this issue for our review. *See Chance v. CitiMortgage, Inc.*, 395 S.W.3d 311, 315 (Tex. App.—Dallas 2013, pet. denied) (in summary-judgment context, failure to obtain ruling in trial court on evidentiary objection waives objection on appeal).

Next, we address his argument the trial court erred by considering late-filed arguments and evidence in granting the summary judgment. Gutman complains that Jameson filed a supplemental summary-judgment motion with additional evidence seven days prior to the submission date of Jameson's motion for summary judgment. In his sur-reply, Gutman objected to the timing of Jameson's reply to his response to Jameson's motion for summary judgment.

As Gutman points out, the trial court's order and amended order granting summary judgment specifically mention Jameson's reply was considered, such that we may presume the trial court considered the evidence attached thereto. *See B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 261 n.27 (Tex. 2020) (per curiam) (citing and quoting *Stavron v. SureTec Ins. Co.*, No. 02-19-00125-CV, 2019 WL 6768125, at *6 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (mem. op.) ("The summary judgment order makes clear that the trial court considered, and thus gave leave to file, the supplemental evidence attached to SureTec's reply. The order recites, 'After *considering* the Motion, the responses filed by Serafim and Ione Stavron, and the *replies* thereto filed by SureTec Insurance Company, the Court finds that SureTec's Motion should be GRANTED in its entirety.'")).

Rule 166a provides that, "[e]xcept on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing." *See* TEX. R. CIV. P. 166a(c). As the rule makes clear, the court has discretion to accept a late-filed response or evidence. *Torres v. Lee*, No. 05-18-00631-CV, 2020 WL 38832, at *6 (Tex. App.—Dallas Jan. 3, 2020, no pet.) (mem. op.). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable without reference to any guiding rules or principles. *Jackson v. Motel 6*, No. 05-17-00487-CV, 2018 WL 3949535, at *3 (Tex. App.—Dallas Aug. 17, 2018, no pet.) (mem. op.). We construe Gutman's argument that the trial court abused its discretion in accepting Jameson's late-filed reply and attached evidence, but he cites no authority, and we have found none, to support such a conclusion. Instead, review of the additional evidence Jameson filed reveals it was offered largely to rebut Gutman's allegations in his response and to respond to his objections to Jameson's evidence. Accordingly, we conclude the trial court did not abuse its discretion by considering Jameson's response or the attached evidence.

## II.    Summary Judgment

We now address Gutman's stated issue of whether the trial court erred by granting Jameson's motion for summary judgment.

We review the granting of a motion for summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). We must

determine whether there is more than a scintilla of probative evidence raising genuine issues of material fact. *See* TEX. R. CIV. P. 166a(c), (i). We review the record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant. *See Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005)). Undisputed evidence may be conclusive of the absence of a material fact issue, but only if reasonable people could not differ in their conclusions as to that evidence. *See id.*

Jameson filed a traditional and no-evidence motion for summary judgment. For a traditional summary judgment, Jameson, as the movant, bears the burden to conclusively establish that he is entitled to judgment as a matter of law, notwithstanding the nonmovant's response or lack thereof. *See B.C.*, 598 S.W.3d at 258–59. In contrast, a movant seeking a no-evidence summary judgment need only identify one or more essential elements of a claim or defense as to which there is no evidence, and the burden then shifts to the nonmovant to produce summary judgment evidence raising a genuine issue of material fact. *See id.* at 259. If a nonmovant fails to carry this burden, then the court must grant summary judgment. *See id.* When presented with combined motions for traditional and no-evidence summary judgment, we generally address the no-evidence portion first. *See id.* at 260.

In his second amended petition, Gutman asserted claims against Jameson for "breach of express, implied or quasi contract" and quantum meruit. To prove a claim

for breach of contract, a party must establish: (a) a valid contract; (b) the party performed or tendered performance; (c) the opposing party breached the contract; and (d) the party was damaged as a result of that breach. *Brown v. Ogbolu*, 331 S.W.3d 530, 535 (Tex. App.—Dallas 2011, no pet.).

### A.     *Express Contract on Contingency or Other Basis*

In his petition, Gutman's allegations appear to be that he either formed a contingency fee contract with Jameson or that he agreed to for some other measure of fee.[2]   Jameson's motion avers Gutman can offer no evidence of a valid oral contingency fee contract, that Gutman accepted the terms Jameson offered him, or that he suffered any damages.  His motion similarly states there is no evidence of any valid oral hourly fee contract between himself and Gutman, any offer or acceptance of such a contract, any breach of same, or damages suffered by Gutman as a result of the alleged breach.

By statute, a contingent fee contract for legal services must be in writing and signed by the attorney and client.  TEX. GOV'T CODE § 82.065(a).  Thus, any contingency fee contract between Gutman and Jameson must have been made in writing and signed by both.  No such writing is in the record and to the extent Gutman urges email communications between the parties would satisfy that

---

[2] His petition states that "in consideration of defendant's promise to pay Plaintiff a fee of $50% of all personal injury recoveries obtained from the association or its insurer, Plaintiff agreed to pursue Defendant's claims . . . ."  But, he also alleges that after drafting and sending the demand letter, he "requested to be paid a modest and reasonable fee for work to date, with no remaining obligations."  Finally, Gutman's petition alleges he and Jameson "entered into a contract for the performance of services, with a fee to be paid at completion."

requirement, there is nothing to indicate the parties agreed to conduct their transaction by electronic means.[3] *See Celmer v. McGarry*, 412 S.W.3d 691, 701 (Tex. App.—Dallas 2013, pet. denied). Therefore, any claim for breach of a contingency fee agreement fails.

As to a contract for an hourly fee or other noncontingency fee, the record contains communications between the parties via text message and email, Jameson's handwritten notes dated about the time the parties discussed Gutman's drafting a letter for the Jamesons, and affidavits from Gutman and both of the Jamesons. In their communications, Jameson and Gutman both allege the other proposed a contingency fee arrangement. In his handwritten notes, Jameson indicates Gutman agreed to draft and send a demand letter at no charge and to later share in any monetary recovery. In an email dated May 5, 2020, Gutman stated he never asked for a 50% contingency fee, that he understood Jameson agreed to compensate him for his efforts, but that they did not specify by what amount Gutman would be compensated.[4] In his declaration supporting his response to Jameson's motion,

---

[3] To the contrary, in an email addressed to Jameson and dated May 5, 2020, Gutman denied asking for compensation of 50% of recovery and stated that if he had, he "would have asked [Jameson] to provide me a written and signed document confirming that arrangement."

[4] Gutman's email is quoted in part below:

> I never asked you to pay me compensation of 50% of recovery. If I was inclined to go that route, I would have asked you to provide me with a written and signed document confirming that arrangement. That is what would be required by the disciplinary rules governing attorney conduct. I did not request such an agreement because I had no intention to hold you to any such arrangement, even if suggested by you. [D]espite your apparent cynicism about my motives and actions, my immediate and primary concern was with protecting you and France from a derelict and irresponsible management here in Preston

Gutman stated that when Jameson offered to compensate him for all services with 50% of all recoveries on the claim, he agreed at that time but thought privately he would instead only take a lesser percentage of the recovery. Thus, the record contains no evidence that there was any agreement between the parties that Gutman would be compensated for the demand letter he prepared other than with a percentage of the amount recovered. As noted, there is no express contract between Jameson and Gutman regarding the drafting of the letter on a contingency fee basis, and, thus, there is no evidence to support Gutman's breach of contract claim.

### B. Quantum Meruit

We now turn to Gutman's claim for recovery under the doctrine of quantum meruit. To recover under quantum meruit, a claimant must prove that: (1) valuable services were rendered or materials furnished, (2) to the person sought to be charged, (3) which services or materials were accepted, used and enjoyed by that person, (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by him. *Fulgham v. Fischer*, 349 S.W.3d 153, 159 (Tex. App.—Dallas 2011, no pet.).

---

tower. My financial interest was entirely secondary in my thoughts. Maybe that is difficult for you to understand, but this is how I think and act. This is NOT the first time I jumped to help a client, deferring consideration of my compensation until later on. In this instance you have tried to use my natural inclinations against me.

The following facts have been established in the course of our communications:

1. You requested my help as attorney to you and France. You agreed to compensate me for my efforts, expressly and implicitly;

2. I undertook the representation, per agreement;

. . . .

–9–

Jameson's motion for summary judgment challenged only the last element of Gutman's quantum meruit claim, urging that there was no evidence that at the time Jameson accepted the services from Gutman, he was on notice that Gutman expected him to pay for the drafting of the demand letter. To support his response to Jameson's motion, Gutman attached his declaration wherein he stated that Jameson, "entirely on his own, notified me that he will pay to me as compensation for all services provided of 50% of all recoveries on the personal injury claim." The summary judgment record contains a May 2, 2020 text from Gutman to Jameson in which he stated that he did not accept Jameson's offer to "split" whatever recovery Jameson obtained and instead asked for compensation for what he estimated to be two hours of work at a rate of $250 per hour. Jameson responded, "We agreed that you would be compensated by splitting anything [I] received from management or insurance. . . . I still agree to this." Two days later, Jameson sent an email to Gutman, in which he stated his recollection of their initial discussion regarding Gutman's services was that Gutman offered to write a demand letter at no fee and to split any settlement amount equally. Gutman responded to that email, denying he had ever bargained for 50% recovery and stated that he "proceeded on the assumption that down the road, if a settlement was reached, we would arrive at a fair estimate of the value of my work." Jameson replied that he "offered [Gutman] the insurance split in return for your offer to write the lawyer letter for me for free." Jameson's notes dated January 15, 2020, the day after Jameson and Gutman's meeting, indicated he

met with Gutman and that Gutman agreed to write a demand letter "as a friend; no charge" and that Gutman agreed to take 50% of whatever settlement was reached.

We conclude the foregoing does not raise an issue of material fact necessary to satisfy Gutman's burden as the nonmovant. *See B.C.*, 598 S.W.3d at 259. Gutman's declaration that Jameson offered 50% of any recovery for all services and Jameson's text that he agreed to compensate Gutman with 50% of any recovery from the management or insurer does not conflict with the evidence that Jameson offered to compensate Gutman with 50% of any recovery in exchange for Gutman's drafting of the demand letter at no charge. Thus, we conclude there is not a scintilla of evidence to support the last element of a quantum meruit claim, that Jameson was on notice at the time Gutman drafted the demand letter that Gutman expected to be compensated for drafting the demand letter. *See Fulgham*, 349 S.W.3d at 159. Accordingly, we overrule Gutman's issue to the extent he complains the trial court should not have dismissed his claim for quantum meruit.

CONCLUSION

We affirm the trial court's judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

211005F.P05

–11–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

GREG GUTMAN, Appellant

No. 05-21-01005-CV     V.

JOE JAMESON, Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas

Trial Court Cause No. CC-20-05078-D.

Opinion delivered by Justice Kennedy. Justices Partida-Kipness and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JOE JAMESON recover his costs of this appeal from appellant GREG GUTMAN.

Judgment entered this 13th day of January 2023.