In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-20-00137-CV

CHINARA BUTLER, Appellant

V.

DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL INC., Appellee

_____

On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-201,752

_____

### MEMORANDUM OPINION

In a restricted appeal from a take-nothing judgment in a wrongful foreclosure suit, Chinara Butler argues (1) she satisfied the first three requirements of Texas Rule of Appellate Procedure 30, (2) the trial court's erroneous grant of a motion for summary judgment constitutes error on the face of the record, (3) that as an heir and interested person of the deceased debtor she was entitled to notice under section 355.157 of the Estates Code and section 51.002 of the Property Code, and (4)

genuine issues of material fact preclude summary judgment. The appellee, Deutsche Bank National Trust Company as Trustee for the registered holders of Morgan Stanley ABS Capital Inc. ("Deutsche Bank" or "the Bank") filed a combined no-evidence and traditional motion for summary judgment seeking a take-nothing judgment on all causes of action asserted against it by Butler. We affirm the trial court's judgment.

## Background

In her original petition, which Butler filed on May 14, 2018, Butler alleged she filed suit in her capacity as the widow of Chad Butler. Butler alleged that she gained ownership of the subject property through a deed executed on August 14, 2006. The general warranty deed with vendor's lien attached to the petition recites that the grantee is Chad L. Butler, an Unmarried Man. Butler alleged that the property was sold at a foreclosure sale on August 5, 2008, but the following month Deutsche Bank recorded a Rescission for Acceleration and Foreclosure Sale and of Substitute Trustee's Deed. Butler alleged several notices of substitute trustee's sale were filed from 2008 through 2011. Butler alleged that the note remained in acceleration until April 2, 2018, the date Deutsche Bank posted a notice of substitute trustee's sale for May 1, 2018. Butler alleged Deutsche Bank sent Butler a notice to vacate after taking title to the property at the May 1, 2018 substitute trustee's sale.

2

Butler pleaded two counts of wrongful foreclosure. In Count 1, she alleged Deutsche Bank was liable for a wrongful foreclosure because it caused the property to be sold at a foreclosure sale more than four years after the October 2008 acceleration of the note secured by the trustee's deed. Butler alleged she was damaged by the loss of her equity in her home. In Count 2, Butler alleged Deutsche Bank was liable for a wrongful foreclosure because it failed to comply with Texas Rule of Civil Procedure 21(b) by providing at least three days' hearing notice to Butler, or to her minor child and heir to Chad Butler's estate, before the probate court granted Deutsche Bank's Application to Foreclose Preferred Lien on Real Property. She alleged Deutsche Bank's failure to comply with Rule 21(b) of the Texas Rules of Civil Procedure caused her to lose the opportunity to defend her property against a foreclosure sale and she suffered damages in that she lost her property.

Butler's original petition alleged Deutsche Bank also was liable in tort for negligently executing a foreclosure sale barred by limitations and the bank's negligence caused Butler to lose her home. She further alleged Deutsche Bank was liable in gross negligence because it acted with an objective extreme degree of risk and conscious indifference. Butler sought a declaratory judgment that limitations barred foreclosure. She requested a temporary restraining order, a temporary injunction, and a permanent injunction against selling or encumbering the property.

Butler's prayer for relief requested an order setting aside the foreclosure, interest, and attorney's fees.

Deutsche Bank answered the suit with a general denial and asserted various affirmative defenses. On December 6, 2019, Deutsche Bank filed a combined no-evidence and traditional motion for summary judgment. The no-evidence motion for summary judgment urged that Butler had no evidence of irregularity in the foreclosure proceeding as alleged in Count 1 of her wrongful foreclosure pleading. In particular, Deutsche Bank asserted that Butler had no evidence that the 2008 Notice of Acceleration remained in effect after Deutsche Bank filed its Rescission of Acceleration. The no-evidence portion of the motion for summary judgment did not address Count 2 of the wrongful foreclosure claim. Deutsche Bank moved for summary judgment on Butler's claims for negligence and gross negligence because she had no evidence of a legal duty owed by Deutsche Bank to Butler. Deutsche Bank claimed Butler had no evidence to support a duty-creating special relationship between Butler and Deutsche Bank and no evidence that Deutsche Bank breached any duty of care by foreclosing on the property more than four years after acceleration.

Deutsche Bank's traditional motion for summary judgment asserted Butler's limitations-based wrongful foreclosure claims, including her requests for injunctive relief, failed as a matter of law because the 2008 Rescission of Acceleration

4

conclusively established that Deutsche Bank abandoned the 2008 acceleration that Butler alleged started limitations. Deutsche Bank maintained that to the extent Butler relied upon accelerations triggered from 2009 through 2011, a declaration by Senior Loan Analyst Katherine Ortwerth and documents attested by her conclusively established that such accelerations were abandoned by the acceptance of mortgage payments and the operative acceleration occurred on March 29, 2018.

The evidence attached to the motion for summary judgment included a declaration by counsel for Deutsche Bank that Butler failed to respond to requests of admissions, thereby admitting that she signed a Loan Modification Agreement, and that the agreement is in default. The Loan Modification Agreement, submitted to the trial court as summary judgment evidence, establishes that in 2013 Chinara Butler signed a Loan Modification Agreement for the Estate of Chad Butler. The agreement established a new principal balance of $267,000 and provided that the Note will become contractually current upon signing the agreement.

Deutsche Bank's traditional motion for summary judgment on Count 2 of Butler's wrongful foreclosure claim asserted that as a matter of law Butler and her daughter were not entitled to notice of the probate court's hearing on Deutsche Bank's application for foreclosure. Deutsche Bank argued Section 355.157 of the Texas Estates Code required citation issue only to the personal representative or a person having a security interest against the property, and "[n]either [Butler] nor her

5

daughter were a party to the probate action, since at the time of the hearing [Butler] had been removed as the dependent administrator." Deutsche Bank referred to two orders that Butler attached to her original petition: (1) the probate court's October 28, 2016 Order, which removed Butler as the administrator of the estate and appointed Wyatt Snider as temporary administrator of the estate; and (2) the probate court's August 23, 2017 order granting Deutsche Bank's application to foreclose a preferred lien on property.

Butler did not file a response to the motion for summary judgment. On January 17, 2020, the trial court granted Deutsche Bank's motion for summary judgment in its entirety and ordered that Butler take nothing in her suit against Deutsche Bank. On April 17, 2020, Butler filed a notice of restricted appeal.

Restricted Appeal

To attack an order by restricted appeal, the appealing party must show: (1) she filed a notice of restricted appeal within six months after the judgment or complained-of order was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in person or through counsel in the hearing that resulted in the judgment or complained-of order and did not timely file any post-judgment motions or request findings of fact or conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *see also* Tex. R. App. P. 26.1(c), 30. Deutsche Bank concedes that Butler did not

6

respond to the motion for summary judgment granted by the trial court in the order that disposed of the case. The clerk's record contains no post-judgment motions. Butler filed her notice of appeal within six months of the date on which the trial court signed the final judgment. Accordingly, the issue in dispute in this appeal concerns whether Butler established error on the face of the record. This element of a restricted appeal is not jurisdictional. *See Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020).

Review by restricted appeal affords review of the entire case and thus permits the same scope of review as an ordinary appeal, but the face of the record must reveal the claimed error. *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009). The appellate court cannot infer error from a silent record. *Id*. at 433.

Summary Judgment Review

We review a summary judgment de novo. *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015). If the trial court's order granting summary judgment does not specify the basis for the ruling, we must affirm the trial court's judgment on any meritorious theory advanced by the movant in the motion for summary judgment. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In reviewing a summary judgment, we consider the evidence in the light most favorable to the non-movant and resolve any doubt in the non-movant's favor. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex.1985).

7

We consider the no-evidence ruling before we consider the ruling on the traditional motion for summary judgment. *See Ridgway*, 135 S.W.3d at 600. "If the nonmovant fails to produce more than a scintilla of evidence on the essential elements of a cause of action challenged by a no-evidence motion, there is no need to analyze the movant's traditional grounds for summary judgment." *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 680-81 (Tex. 2017). A party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i). The trial court must grant a no-evidence motion if (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively established the opposite of the vital fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). We apply the same legal sufficiency standard that we apply in reviewing a directed verdict because an order granting a no-evidence motion for summary judgment functions essentially as a pretrial directed verdict. *Id*. at 750-51. "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Ridgway*, 135 S.W.3d at 600. "When the evidence offered to prove a vital fact is so weak as to do no more than

8

create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

Summary Judgment on No-Evidence Motion

Citing *C & K Investments v. Fiesta Group, Inc.*, Butler argues Deutsche Bank's no-evidence motion for summary judgment on Butler's wrongful foreclosure claim is insufficient because the motion incorrectly stated the element of damages as a grossly inadequate selling price when the correct measure of damages is the difference in the value of the property on the date of the foreclosure and the indebtedness. *See* 248 S.W.3d 234, 254 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A no-evidence motion for summary judgment "must state the elements as to which there is no evidence." *See* Tex. R. Civ. P. 166a(i). Deutsche Bank's no-evidence motion for summary judgment on Butler's wrongful foreclosure claim challenged only the element of irregularity of the foreclosure as to Count 1. Accordingly, Butler was not harmed by any misstatement of the damages element of Count 1 of Butler's wrongful foreclosure claim.

Deutsche Bank's no-evidence motion for summary judgment also challenged Butler's negligence claims on the elements of existence of a legal duty and breach of duty. In her appeal, Butler's sole mention of her claims of negligence and gross negligence is to state that "these causes of action proved immaterial." Regarding the

9

negligence and gross negligence claims, Butler inadequately briefed her argument that the trial court erred by granting a no-evidence motion for summary judgment. *See* Tex. R. App. P. 38.1(i) (providing that appellate briefs must contain appropriate citations to authorities).

Butler argues the evidence submitted in support of and attached to Deutsche Bank's motion for summary judgment raises fact issues on the claims challenged by the no-evidence motion for summary judgment, but Butler did not refer the trial court to that evidence in a response to the no-evidence motion for summary judgment. To defeat a motion made under Rule 166a(i), "the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." *See* Tex. R. Civ. P. 166a cmt. (1997). If the non-movant fails to respond to a properly presented no-evidence motion for summary judgment, the trial court must grant the motion for summary judgment. *In re Kingman Holdings, LLC*, No. 13-21-00217-CV, 2021 WL 4301810, at * 4 (Tex. App.—Corpus Christi-Edinburg Sept. 22, 2021, orig. proceeding) (mem. op.).

In her appeal, Butler does not argue that the face of the record reveals a defect of summary judgment procedure. Any defect in notice of the filing and submission of the motion for summary judgment would have to appear on the face of the record. *See Taylor v. Perricone*, No. 03-16-00331-CV, 2017 WL 3585215, at *3 (Tex. App. —Austin Aug. 16, 2017, no pet.) (mem. op.). Deutsche Bank filed the motion for

summary judgment over eighteen months after Butler filed her lawsuit. Some discovery had been requested and Butler did not request additional time to conduct discovery. Deutsche Bank filed the motion for summary judgment more than twenty-one days before the trial court granted the motion. Butler cannot show error on the face of the record because the record shows that she failed to file a response to Deutsche Bank's no-evidence motion for summary judgment. We conclude the trial court did not err in granting summary judgment on Butler's claims for negligence, gross negligence, and wrongful foreclosure based on limitations.

Summary Judgment on Traditional Motion

A motion for summary judgment must itself state the specific grounds for which the movant seeks judgment. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 339 (Tex. 1993). Deutsche Bank omitted Count 2 of Butler's wrongful foreclosure claim from its no-evidence motion for summary judgment but included it in that part of the motion seeking traditional summary judgment. Accordingly, we apply the standard of review for a traditional motion for summary judgment in reviewing the trial court's judgment that Butler take nothing on her claim that Deutsche Bank wrongfully foreclosed on her home due to lack of notice.

The movant on a traditional motion for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Hillis v. McCall*, 602 S.W.3d 436, 439-40 (Tex. 2020);

11

Tex. R. Civ. P. 166a(c). If the movant satisfies this initial burden on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude a summary judgment. *See City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c). Consequently, the non-movant must expressly present in writing any reasons the non-movant contends avoids the movant's entitlement to summary judgment. *Clear Creek Basin Auth.*, 589 S.W.2d at 677-78.

Deutsche Bank's traditional motion for summary judgment on Count 2 of Butler's wrongful foreclosure claim asserted that as a matter of law Butler and her daughter were not entitled to notice of the probate court's hearing on Deutsche Bank's application for foreclosure because Section 355.157 of the Texas Estates Code required citation issue only to the personal representative or a person having a security interest against the property, and "[n]either [Butler] nor her daughter were a party to the probate action, since at the time of the hearing [Butler] had been removed as the dependent administrator."

In Count 2 of her wrongful foreclosure claim, Butler did not plead that she was entitled to service by citation but had not been served with citation; rather, she pleaded that she had not been served with the notice of the hearing required for a

party appearing in the case. *See* Tex. R. Civ. P. 21(b) ("An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, must be served upon all other parties not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court.").

On October 28, 2016, the probate court removed Butler as the representative of the estate and appointed a temporary administrator. That order concluded a discrete phase of the probate proceeding. *See Kirkland v. Schaff*, 391 S.W.3d 649, 655 (Tex. App.—Dallas 2013, no pet.); *In re Estate of Washington*, 262 S.W.3d 903, 905 (Tex. App.—Texarkana 2008, no pet.). The administrator of the estate was a necessary party to Deutsche Bank's application to foreclose its preferred lien. *See* Tex. Est. Code Ann. § 355.157(a)(1). The probate court's August 23, 2017 order granting Deutsche Bank's application for a non-judicial foreclosure recited that Deutsche Bank established its claim by suit and fixed as a preferred debt and lien claim on the property, that the application and citation had been served on the representative of the estate, and that any other persons interested in the estate had been served by posting. *See* Tex. Est. Code Ann. § 355.157. The probate court's August 23, 2017 order identifies no other person who had appeared in that discrete phase of the probate case.

After her removal as administrator, Butler would be entitled to notice of the hearing if she had made an appearance in the subsequent phase of the probate case. *See* Tex. R. Civ. P. 21(b). A party enters a general appearance by (1) invoking the judgment of the court on any question other than the court's jurisdiction, (2) recognizing by her acts that an action is properly pending, or (3) seeking affirmative action from the court. *In re Guardianship of Fairley*, No. 20-0328, 2022 WL 627776, at \*10 (Tex. Mar. 4, 2022) (not yet reported). Deutsche Bank's summary judgment evidence established that Butler did not appear in the probate court in opposition to Deutsche Bank's application; consequently, she was not a party entitled to three days' notice of the hearing in the probate court. *See* Tex. R. Civ. P. 21(b). Butler did not file a summary judgment response that raised a fact issue that she was entitled to three days' notice of the hearing on Deutsche Bank's foreclosure application because she had entered her appearance in the phase of the probate case where Deutsche Bank applied for an order to allow the non-judicial foreclosure to proceed. Having failed to present the issue to the trial court as a ground for avoiding Deutsche Bank's motion for summary judgment, she cannot argue it as a ground for reversal on appeal. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Clear Creek Basin Auth.*, 589 S.W.2d at 678-79.

In her appeal, Butler also argues she was entitled to notice under section 51.002 of the Texas Property Code. *See* Tex. Prop. Code Ann. § 51.002(b)(3)

14

(requiring "written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt[.]"). Butler neither pleaded in her original petition that the foreclosure was wrongful due to non-compliance with section 51.002 nor presented such non-compliance as a ground for avoiding summary judgment. She cannot raise the argument for the first time in her appeal. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678-79.

Butler asks this Court to take judicial notice of the date of marriage on her marriage certificate. *See* Tex. R. Evid. 201. An appellate court generally cannot consider material that was not before the trial court when the court made the challenged ruling. *Hammer v. Hammer*, No. 03-18-00715-CV, 2021 WL 1916481, at *2-3 (Tex. App.—Austin May 13, 2021, no pet.) (mem. op.); *Van Tran v. Fiorenza*, 934 S.W.2d 740, 742 (Tex. App.—Houston [1st Dist.] 1996, no writ). Butler has not shown that the document is summary judgment evidence that could raise a fact issue to avoid summary judgment, nor has she established that the document appears on the face of the record for purposes of establishing error requiring reversal for a restricted appeal. We decline to take judicial notice of a document that we cannot consider in our review of the trial court's judgment. *See Van Tran*, 934 S.W.2d at 742.

We conclude the trial court did not err by granting the motion for summary judgment. Accordingly, we hold that no error on the face of the record supports the

restricted appeal. We affirm the trial court's judgment that Butler take nothing in her suit against Deutsche Bank.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on January 11, 2022
Opinion Delivered April 28, 2022

Before Golemon, C.J., Kreger and Horton, JJ.